## JABEZ STEVENS *vs.* LUTHER DAVIS & others.

Where something besides interest, as such, is allowed on a loan and forbearance of money, it is a question of fact for the jury, whether the contract is fairly and honestly made, or whether it is a cloak for usury.

Where the testimony was, that the holder of a note, which the maker could not pay at maturity, proposed to borrow the money for ninety days, if the maker would engage to pay at that time, but told the maker that the loan would cost a certain sum, and that the maker ought to pay that sum, or a part of it, and the maker assented to the proposition and afterwards paid the holder $ 7, part of the sum which the holder had paid, as he alleged, in order to procure the loan ; it was *held*, in a suit on the note, that the jury were rightly instructed that if the representation made by the holder to the maker, by which he obtained the $ 7, was truly and fairly made, and if the holder in fact paid that sum or more, in order to procure the loan, then the taking of that sum from the maker was not usurious.

ASSUMPSIT on a promissory note made payable to the plaintiff in sixty days. Defence usury. The opinion of the court exhibits all the material facts of the case.

*Morse,* for the defendants, cited *Le Blanc* v. *Harrison,* Holt, 706. *Reed* v. *Smith,* 9 Cow. 647. *Commonwealth* v. *Frost,* 5 Mass. 53.

*Knowles,* for the plaintiff, cited *Bank of the United States* v. *Waggener,* 9 Pet. 401. *Nichols* v. *Fearson,* 7 Pet. 103. *Andrews* v. *Pond,* 13 Pet. 65. *Tate* v. *Wellings,* 3 T. R. 531 *Floyer* v. *Edwards,* Cowp. 112. *Solarte* v. *Melville,* 7 Barn & Cres. 430. Chit. Con. (4th Amer. ed.) 549.

WILDE, J. At the trial of this cause in the court of common pleas, before *Williams*, C. J. the defendants rested their defence on the ground of usury ; but the jury, under the instructions of the presiding judge, returned a verdict for the plaintiff. The defendants excepted to these instructions ; but it appears to the court very clearly, that the exceptions cannot be sustained.

It was proved, that when the note in suit became payable, the plaintiff called on Davis, the principal defendant, for payment, who was unable to pay ; and that the plaintiff thereupon told him that he thought he could obtain a loan of the money for ninety days on his own note, but that it would cost him $7·50, and that he thought the defendant ought to pay him a part or the whole of that sum : That the plaintiff afterwards, at the request of the defendant Davis, obtained the money of one Russell, and paid him the sum of $7·50 ; and that the defendant promised to repay the plaintiff what he had to pay Russell, and afterwards did repay him the sum of $7.

The question was, whether this sum was paid as extra interest on the note in suit, or for the loan of the money by Russell, and for his use. The jury were instructed, that if the defendant paid and the plaintiff received the $7, as and for interest beyond the rate of six per cent. on this note, then the taking of that sum was a usurious taking, within the statute ; but if the representation made by the plaintiff to Davis, the principal defendant, by which he obtained the $7, was truly and fairly made, and if he in fact paid said sum to Russell, in order to obtain the loan from him, then said taking was not usurious. These instructions, we think, were perfectly correct. It was for the jury to decide whether the transaction was fair and as it was represented to be, or was a cover for usury. Comyn on Usury, 119. And there seems to be no doubt that it was correctly decided. But however that may be, the only question now to be decided is, whether the jury were rightly instructed.

The case, on which the defendants' counsel principally relies, is *The Commonwealth* v. *Frost*, 5 Mass. 53, in which it was decided, that if a lender on usury acts as agent for another, this will be no excuse for him ; especially if he does not disclose the

fact, at the time of the transaction. But there are severa.
striking distinctions between that case and this. In that case,
Frost acted, or offered to prove that he acted, as agent of a
third party, without disclosing his agency ; and the money received
by him was received expressly for the use of the money lent.
Whereas, in the present case, the plaintiff acted as the agent of
the defendant Davis, in obtaining the loan from Russell, and on
his promise to repay him what he should have to pay therefor
And the $7 was not paid for interest on the note in suit. This
we consider as decided by the verdict ; for if the jury had found
that the $7 had been received as interest on the note sued, they
would have been bound, under the instructions of the court, to
return a verdict for the defendants, for their costs, and for three-
fold the amount of the interest paid, according to the statute.

*Exceptions overruled.*