Curtis v. Knox.

---

### CURTIS and others *vs.* KNOX, President, &c.

Where the cashier of a bank receives usury in discounting a note in behalf of the bank, he is liable to an indictment under the statute making usury a misdemeanor. Accordingly, where a bank sued upon a note, and the defendant called the cashier as a witness to prove that usury was taken by the bank upon discounting it, who swore that he was apprehensive that his answers would lead to a conviction of himself for usury ; *held*, that he was privileged from testifying.

ON error from the supreme court. The *action in the court* below was *assumpsit*, brought by Knox as president of the Bank of Vernon, an institution organized under the general banking law, against Curtis, Peabody & Tillotson, as maker and endorsers of a promissory note. Each of the defendants pleaded *non-assumpsit*, and the cause was tried before GRIDLEY, C. Judge, at the Oneida circuit in October, 1842. The plaintiff made the proof necessary to entitle him to recover; upon which the defendants called one Case, who was admitted to be a large stockholder in the bank, and to have been such from its first organization, and offered to prove by him that he was cashier of the Bank of Vernon when the note in question was discounted by that bank; and that the same was discounted for the accommodation of Curtis, the maker, and upon the condition that he should receive the proceeds in an acceptance made by the bank

of a *sight draft dated twenty days ahead,* the usual sum charged for discount being also paid. Case delined to testify, on the ground that his answers might criminate himself; and he stated on oath that he was apprehensive that if he should testify his answers might lead to a conviction of himself for a misdemeanor in receiving usury. The defendants' counsel insisted that the case was not such as to enable the witness to take that ground, and requested the judge so to advise him and to require him to testify. The judge refused to do so, and stated that if the witness entertained a real apprehension that his answers would convict him of usury, he was privileged from testifying. The witness persisted in his refusal and was excused from testifying, and the defendants' counsel excepted to the decision of the judge. The jury found a verdict for the plaintiff. The defendants at the July term, 1843, moved the supreme court for a new trial on a bill of exceptions, which was refused, and judgment was entered on the verdict. The defendants brought error.

*J. A. Spencer,* for the plaintiffs in error, insisted that Case should have been compelled to testify. He said that if usury was taken upon the discounting of the note it was done by the bank, and not by the witness, who could not upon the facts offered to be proved have been guilty of the offence of usury.

*T. Jenkins,* for the defendant in error, said that in misdemeanors all who in any way participate in the act are principals; and that if Case as an officer of the bank took usury upon the discounting of the note he was liable to be indicted equally as though he was acting in a business of his own. He referred to 4 *Bl. Com.* 38; 1 *Hale's P. C.* 233, 615; *Stat.* 1817, *p.* 487, § 6.

Lott, Senator. No rule is better settled than that a witness is privileged from testifying where his answers would subject him to a penalty or render him liable to conviction for a criminal offence. The court is to determine whether the case is such

that the answers can criminate him, and he is then to judge from his own knowledge of the particular facts whether he can safely answer. ( *The People* v. *Mather*, 4 *Wend.* 229, 254.) The question in this case is whether the witness was so situated that he could be guilty of the offence of usury in the transaction in question. If he could be, then his oath that he was apprehensive that his testimony might lead to his conviction is conclusive; for the court cannot judge without a knowledge of his agency in the transaction, whether it was of a character to render him culpable or not. It appears that he was the cashier and a large stockholder in the institution; and it is not improbable therefore that the negotiation for the discount of the note in question was carried on with him, and that he was the actor in the transaction and in fact received the usury. If so he would in my opinion be liable though he acted in behalf of the bank; as much so as if he had entered into the transaction on his own account and for his individual benefit. In misdemeanors all the actors are principals. (4 *Bl. Com.* 36; 1 *Hale's P. C.* 233, 613.) The offence consists in receiving usury, (*Stat.* 1837, *p.* 487, § 6;) and it seems to me to be no answer to such a charge that another participated in the guilt and received the profits of the unlawful bargain. In *The Commonwealth* v. *Frost*, (5 *Mass.* 53,) the point now under consideration was discussed by the court; and it was strongly intimated that the agent would be liable, though the point was not directly decided.

I am therefore of opinion that the circuit judge ruled correctly, and that the judgment of the supreme court ought to be affirmed.

On the question being put, " Shall this judgment be reversed ?" the members of the court voted as follows:

*For reversal: Senators* CLARK, HAND and VARNEY—3.

*For affirmance:* The PRESIDENT, and *Senators* BEERS, BOCKEE, CHAMBERLAIN, DEYO, EMMONS, FOLSOM, LESTER, LOTT, MITCHELL, PORTER, SMITH and TALCOTT—13.

Judgment affirmed.