State *v.* Grand Trunk Railway Company.

STATE OF MAINE *vs.* GRAND TRUNK RAILWAY CO. OF CANADA.

60   145
106   214

*Indictment.*

R. S., c. 51, § 36, provides that any railroad corporation, by whose negligence or carelessness, or by that of its servants or agents which are employed in its business, the life of any person, in the exercise of due care and diligence, is lost, forfeits not less than five hundred, nor more than five thousand dollars, to be recovered by indictment found within one year, wholly to the use of his widow, if no children; and to the children, if no widow; if both, to her and them equally.

An indictment on this section, must aver that the person whose life was lost, left a widow or heirs or both, as the case may be; and an averment that he 'then and there having a lawful wife and child alive' is not sufficient.

Nor is the averment 'that there is now living a widow and one child.'

And the indictment must set out the names of the persons who are to receive the forfeiture; an averment that 'their names are to the jurors unknown,' not being sufficient.

ON EXCEPTIONS.

INDICTMENT founded on R. S., c. 51, § 36.

'That the Grand Trunk Railway Company of Canada, a corporation established by law, and having an office for the transaction of its business at Portland, in the county of Cumberland, and State of Maine, on the first day of August, in the year of our Lord one thousand eight hundred and seventy-one, and within one year from the day of finding this indictment, at Greenwood, in the county of Oxford, were the occupants and possessors of a certain railway known and called the Atlantic and St. Lawrence Railroad, running from Portland through said Greenwood to Bethel, in the county of Oxford aforesaid, thence north-westerly through said State to Montreal, in the Dominion of Canada; and then and there at Greenwood aforesaid, over and upon said railway, did run their locomotive engines and trains of cars by their servants and agents, for the carriage of passengers and transportation of freight for hire; and then and there at Greenwood aforesaid, upon said railway did employ divers persons as their servants and agents, to labor upon said railway, in mending and keeping the track and bed

of said railway in repair; and in running a hand-car over and upon said railway, said servants and agents being in the lawful employment of said Grand Trunk Railway Company of Canada, and said Grand Trunk Railway Company, in running their said locomotive engines and trains of cars aforesaid, over and upon their said railway, were then and there, at Greenwood aforesaid, bound and required by law, by themselves, their servants and agents, to exercise proper care and prudence for the protection and safety, as well of their servants and agents aforesaid, employed as aforesaid upon said railway, in laboring upon the same, in mending and keeping the said track and bed of said railway in repair, and in running a hand-car over and upon the same, as of all other persons lawfully upon said railway, and in the employment of said Grand Trunk Railway Company of Canada; and the jurors aforesaid, upon their oath aforesaid, do further present, that the said Grand Trunk Railway Company of Canada, at Greenwood aforesaid, on the first day of August, in the year of our Lord one thousand eight hundred and seventy-one, over and upon said railway did run and cause to be run, a certain locomotive engine, between Portland aforesaid, and Gorham, in the county of Coos and State of New Hampshire, and situated upon the line of said railway, leaving Portland aforesaid at three o'clock and forty minutes in the forenoon, at great speed, and that while said locomotive engine was then and there at Greenwood aforesaid, moving and running at great speed as aforesaid, one David Robbins, then and there at Greenwood aforesaid, upon the railway aforesaid, and in the employment of the Grand Trunk Railway Company of Canada aforesaid, lawfully and in the exercise of due care and diligence, being, standing, and laboring, was then and there at Greenwood aforesaid, lawfully, and in the exercise of due care and diligence, laboring upon said railway, in running a hand-car over and upon the same, for the purpose of mending and keeping in repair the said track and bed of the said railway, and upon which the locomotive engine aforesaid was then and there at Greenwood aforesaid moving and running as aforesaid, the said Grand Trunk Railway Company

of Canada, then and there at Greenwood aforesaid, 'by their servants and agents employed' in the business of said Grand Trunk Railway Company of Canada, then and there at Greenwood aforesaid, in the charge of said locomotive engine, unlawfully, negligently, and carelessly, run the said locomotive engine against and over the said David Robbins, then and there at Greenwood aforesaid, in the exercise of due care and diligence in laboring upon said railway, in running a hand-car over and upon the same, for the purpose of mending and keeping in repair the said track and bed of the said railway as aforesaid, and as he had a lawful right to do; and the said Grand Trunk Railway Company of Canada did then and there, at Greenwood aforesaid, and by means of the aforesaid unlawful, negligent, and careless management of said locomotive engine, inflict and cause to be inflicted in and upon the said David Robbins, divers mortal injuries, bruises, and wounds, of which said mortal injuries, bruises, and wounds, the said David Robbins, then and there at Greenwood aforesaid, in the county of Oxford aforesaid, on the said first day of August, in the year of our Lord one thousand eight hundred and seventy-one, instantly died, and so the jurors aforesaid upon their oath aforesaid do say, that the life of the said David Robbins, he the said David Robbins being in the exercise of due care and diligence, by the negligence and carelessness of the Grand Trunk Railway Company of Canada, and of their servants and agents, then and there at Greenwood aforesaid, in the business of said Railway Company, in charge of said locomotive engine at Greenwood aforesaid, was unlawfully, negligently, and carelessly destroyed and lost, he, the said David Robbins, then and there having a lawful wife and child alive, against the peace of said State, and contrary to the form of the statute in such case made and provided.

And the jurors aforesaid, upon their oath aforesaid, do further present, that the Grand Trunk Railway Company of Canada, a corporation established by law, and having an office for the transaction of its business at Portland, in the county of Cumberland, and State of Maine, on the first day of August in the year of our

Lord one thousand eight hundred and seventy-one, and within one
year from the day of the finding of this indictment, at Greenwood,
in the county of Oxford, and State of Maine, were the occupants
and possessors of a certain railroad, known and called the Atlantic
and St. Lawrence Railroad, running from Portland, in the coun-
ty of Cumberland aforesaid, through said Greenwood to Bethel in
said county of Oxford, thence north-westerly through said State
and to Gorham in the county of Coos and State of New Hampshire,
thence north-westerly through said State of New Hampshire to
Montreal, in the Dominion of Canada; and then and there at
Greenwood aforesaid, over and upon said railroad, did run their
locomotive engines and trains of cars, by their servants and agents,
for the carriage of passengers and transportation of freight for hire ;
and being such occupants and possessors of said railroad, for car-
riage of passengers and transportation of freight, did by their ser-
vants and agents, on the first day of August, in the year of our
Lord one thousand eight hundred and seventy-one, at said Green-
wood, in the county of Oxford aforesaid, run, conduct, and drive a
certain locomotive engine, over, upon, and along said railroad, and
by their agents and servants then and there had the custody, care,
and management of said railroad and locomotive engine, and by the
negligence and carelessness of their said agents and servants, the
said locomotive engine was then and there run, conducted, and
driven with great, unreasonable, and improper speed, without pro-
per care, and without due and reasonable notice, and in an unsafe
and unskillful manner.   And the jurors aforesaid, upon their oath
aforesaid, do further present, that one David Robbins, at Green-
wood aforesaid, on the said first day of August, in the year of our
Lord one thousand eight hundred and seventy-one, was lawfully
upon the said railroad, and in the exercise of due care and dili-
gence, and that while he, the said David Robbins, was then and
there lawfully upon said railroad, and in the exercise of due care
and diligence, the said Grand Trunk Railway Company of Can-
ada, by their servants and agents, then and there employed in
the business of said railway company, then and there run, con-

ducted, and drove said locomotive engine with so great, unreasonable, and improper speed, and without proper care, and without due and reasonable notice, and in so unskillful a manner that he, the said David Robbins, was then and there by said locomotive engine, run over, whereby divers injuries, bruises, and wounds were then and there inflicted on the head, body, and limbs of him, the said David Robbins, of which said injuries, bruises, and wounds, he the said David Robbins, then and there instantly died. And so the jurors aforesaid, on their oaths aforesaid, do say, that the life of the said David Robbins, he being then and there in the exercise of due care and diligence, and lawfully upon said railroad, was lost, by reason of the negligence and carelessness of the aforesaid agents and servants of said Grand Trunk Railway Company of Canada, in manner and form aforesaid, the names of which said agents and servants are to the jurors aforesaid unknown. Whereby the said Grand Trunk Railway Company of Canada have become to forfeit not less than five hundred dollars, nor more than five thousand dollars, to be recovered by indictment found within one year, to the use of the widow and child equally of said David Robbins, and that there is now living a widow and one child of said David Robbins, whose names are to the jurors aforesaid unknown. Against the peace of said State, and contrary to the form of the statute in such case made and provided.'

It appeared in evidence that one David Robbins, employed by the defendant corporation as a trackman, or section-man, while engaged in and about his business as employee, was run over and killed by a locomotive engine driven by another employee of the corporation.

After the introduction of the evidence, the defendants requested the presiding justice to instruct the jury,—

That if Robbins, at the time he was killed, was a servant of defendant corporation and in their employment, the defendants are not liable on this indictment for his death, if it was caused by another servant of defendant corporation, and in their employment in the same general business;

That if Robbins, at the time he was killed, was a servant of defendant corporation, and in their employment, and his death was caused by another servant of defendant corporation, and in their employment in the same general business, the defendants are not liable on this indictment for his death, if the managers of the business of defendant corporation used ordinary care in the selection and employment of the latter servant;

That if Robbins, at the time he was killed, was a servant of defendant corporation and in their employment, and his death was caused by Cobb, another servant of defendant corporation, and in their employment in the same general business, the defendants are not liable on this indictment for his death, unless it be proved that the managers of the business of defendant corporation did not use ordinary care in the selection and employment of Cobb, the fellow-servant.

Which requested instructions, for the purposes of this trial, the court declined to give.

And the defendants alleged exceptions.

The jury returned a verdict of guilty; whereupon the defendants moved an arrest of judgment upon the ground that the indictment did not allege what heirs the person killed left at his decease, nor their names; which motion the court overruled, and the defendants alleged exceptions.

*J. & E. M. Rand,* for the defendants.

*T. B. Reed,* attorney-general, and *E. Foster, jr.,* county attorney for the State, cited 1 Wharton's Prec. c. 2, *Rex* v. *R. R.,* 489; Same, 18, *People* v. *White,* 32 N. Y. 465.

DANFORTH, J.   This is an indictment under R. S. 1871, c. 51, § 36.   After verdict of guilty a motion in arrest of judgment was filed, 'because said indictment contains no averment what heirs the party killed left, nor their names.'

In the first count the averment is, 'then and there having a lawful wife and child alive.'   As a dead man cannot with much pro-

priety be said to have a lawful wife, it may be inferred that this allegation refers to his condition before death and leaves it uncertain whether that wife became a widow or otherwise. In the second count the averment is, 'that there is now living a widow and one child,' etc. This must refer to the time of finding the indictment, leaving it uncertain what other children might have been left at the time the man was killed. Neither of these allegations is such distinct, unequivocal statements, as the statute contemplates and criminal or civil pleading requires. *Commonwealth* v. *Eastern Railroad*, 5 Gray, 474.

But a more serious defect in the indictment is the omission of the names of those persons who are to receive the forfeiture.

By the provisions of the statute, the forfeiture recovered is wholly to the use of the widow or children or heirs, and no part of it to the State. If there is a conviction the judgment must follow the indictment.

As the case now stands no valid judgment can be rendered. No fines can be imposed to the use of the State because the statute does not authorize it. Nor for the use of those for whose benefit it was intended, because they are not named upon the record, nor is it even alleged that it is to be appropriated to the use of any persons other than the State. A judgment giving the penalty to the widow and child of the deceased person, or to his heirs, would be too indefinite and uncertain, to be of any force or effect. In cases where the form of the process necessarily indicates the person who is to receive this penalty, or where the law makes a special appropriation of it to a particular individual or to a corporate body of which the court can take judicial notice, a formal averment of the appropriation of the penalty may be unnecessary. *State* v. *Cottle*, 15 Maine, 473; *Commonwealth* v. *Messenger*, 4 Mass. 462.

But when those persons for whose benefit the forfeiture is incurred, are not made certain by the process, or by the law without the introduction of testimony; in other words, when there may be an issue of fact in relation to them, there must be a formal aver-

ment in the indictment setting out the names. In the case of *Commonwealth* v. *Messenger*, above cited, Parsons, C. J., says: 'The exception which has most weight is, that the complainant neither shows on whose behalf he complains, nor what the defendant has forfeited by his offense, nor consequently how the statute has appropriated the forfeiture. To an information *qui tam* at common law this exception would be fatal.' If fatal to an information, it would be no less so to an indictment.

In *Commonwealth* v. *Frost*, 5 Mass. 53, an objection was made to the competency of a witness, because the statute gave him 'one moiety' of the penalty, and he was therefore interested in the result. But this objection was overruled on the ground, as stated by Parker, J., in the opinion of the court, page 58, that 'to entitle Clough to receive one moiety of this penalty, it should appear on the record that he prosecuted, complained, or sued for it. . . . Whether he complained or informed does not appear to the court, there being no record of any complaint or information; nor is it alleged in the indictment that any person other than the government is interested in the penalty; so that the court are not authorized to award any part of the penalty to Clough, nor has he any means of obtaining it.'

In *Commonwealth* v. *Howard*, 13 Mass. 221, the judgment awarded one-third of the penalty to one Chase as informer, though he was not named in the information. The court held the judgment erroneous on that ground.

We have been referred to no case nor have we been able to find any, where the penalty, or any portion of it, has been awarded to a person not named in the process as entitled to receive it, except such cases as are before noticed, where the law itself makes an appropriation such as the court can take judicial cognizance of. To do so would be contrary to all analogy in legal proceedings, both civil and criminal.

But it is said in the argument 'that when a name is to the jurors unknown, it is sufficient for them to say so.' This is undoubtedly true as to all persons 'whose existence is legally essential to the

State *v.* Grand Trunk Railway Company.

charge.' This is allowed from the necessity of the case as a matter of public policy. But this does not apply to persons who for special reasons are allowed to receive all or a portion of the penalty, and whose existence is not essential to the charge. There is no pressing necessity in such case. By giving the whole of the penalty to individuals, the legislature has made the prosecution as much a private matter as a public one. If those who are to receive the penalty make no claim to it, none can be enforced. If they do claim it, it is quite as easy for them to make known their names as their right. In public prosecutions where the penalty goes to the State the judgment is in favor of the State, where it goes to an individual the judgment must be in favor of that individual; but no judgment can be rendered in favor of an unknown person.

The case of *Commonwealth* v. *Boston & Worcester Railroad Corporation*, 11 Cush. 517, is founded upon the true distinction. It is there held that it is not necessary to set out the names of the heirs of the person killed. Under the statute upon which that decision rests the existence of heirs is essential to the charge, but the forfeiture is payable to the administrator. In that indictment the name of the administrator is given, and the court held that sufficient. In the opinion it is said, ' This indictment does name the administrator of the estate of the deceased, and, therefore, makes certain the party to whom the fine is to be paid when received by the Commonwealth.

Under our statute the forfeiture is to be paid directly to the heirs. The result is that as persons necessary to sustain the charge, the heirs, if unknown, need not be named; but as persons for whose benefit the forfeiture is incurred and to whom it is to be paid, there must be a formal averment in the indictment setting out these facts and giving their names.

Exceptions to overruling the motion in arrest of judgment sustained. *Judgment arrested.*

APPLETON, C. J.; CUTTING, WALTON, and DICKERSON, JJ., concurred.