COMMONWEALTH *vs.* ROLAND H. SHERMAN.

Worcester.   March 6, 1906. — May 14, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Automobile. Misdemeanor. Practice, Criminal,* Agreed statement of facts.
    *Words,* "Duly established."

At the trial of a complaint under St. 1903, c. 473, § 9, as amended by St. 1905,
c. 311, § 5, for driving an automobile at a rate of speed exceeding that allowed
by the by-laws of the town in which it was driven, the fact that the automobile
was registered with the Massachusetts highway commission by the defendant
in his own name, under St. 1903, c. 473, § 1, as amended by St. 1905, c. 311, § 2,
requiring such registration by the owner or person in control of an automobile,
warrants a finding that the defendant was the general owner of the vehicle or
had a special property therein which gave him control of it.

In the commission of a misdemeanor there are no degrees of guilt and all who par-
ticipate therein are principals and may be charged as such.

At the trial of a complaint under St. 1903, c. 473, § 9, as amended by St. 1905, c. 311,
§ 5, for driving an automobile at a rate of speed exceeding that allowed by the
by-laws of the town in which it was driven, if it appears that the defendant
was the general owner of the vehicle or had such a special property therein as
gave him the right to control it, that he was seated with other persons in the
vehicle but was not operating it, and that the vehicle was being run by the
operator at an illegal rate of speed, these facts, if uncontradicted and unex-
plained, warrant the inference that the owner knowingly allowed his vehicle to
be run illegally, and make out a *prima facie* case.

At the trial of a complaint under St. 1903, c. 473, § 9, as amended by St. 1905, c. 311,
§ 5, for driving an automobile at a rate of speed exceeding that allowed by the
by-laws of the town in which it was driven, the statement in an agreed state-
ment of facts, that the by-laws in question were "duly established" admits
that the by-laws were advertised and posted in compliance with St. 1905, c. 366,
§ 1, and that they were made under that statute, and also that the place covered
by them was within the thickly settled part of the town in question within the
meaning of St. 1903, c. 473, § 8, being an admission that the by-laws were of legal
effect.

COMPLAINT, received and sworn to in the Central District
Court of Worcester, on July 17, 1905, charging the defendant
with driving an automobile at Leicester on July 12, 1905, at a
rate of speed exceeding twelve miles an hour.

In the district court the defendant was found guilty and
ordered to pay a fine of $15.   On appeal to the Superior Court
the case was tried before *Crosby,* J. upon the following agreed
statement of facts:

" It is agreed that the automobile in question was registered at the time with the Massachusetts highway commission by the defendant and in his name ; that the defendant was in the automobile at the time and place alleged in the complaint ; that the automobile was going in excess of twelve miles per hour, and that twelve miles per hour was the maximum speed at which automobiles were allowed to go in Leicester by the duly established by-laws of that town ; that the defendant at the time the automobile was being driven in excess of twelve miles per hour as aforesaid, was one of five people in the vehicle, was not operating or driving the vehicle himself, but was seated in the tonneau."

After the jury had been impanelled the defendant asked the judge to rule that upon the agreed facts the defendant could not be convicted. The judge refused to make this ruling, and submitted the case to the jury who returned a verdict of guilty. The defendant alleged exceptions.

*R. H. Sherman & C. C. Johnson,* for the defendant.

*G. S. Taft,* District Attorney, & *W. P. Hall,* Assistant District Attorney, for the Commonwealth.

LORING, J. In the opinion of a majority of the court these exceptions must be overruled. The fact that the automobile was registered with the Massachusetts highway commission by the defendant, and in his own name, warranted a finding that he was the general owner of it or that he had a special property therein which gave him control thereof. Section 1 of St. 1903, c. 473, amended by St. 1905, c. 311, § 2, requires that automobiles shall be registered by the owner or person in control thereof.

If the defendant is guilty here he is guilty not as owner but because the evidence warranted the jury in finding as a fact that he participated in the vehicle being run at an illegal speed.

The offence with which he stands charged is a misdemeanor and not a felony. Not being punishable by imprisonment in the State prison, (St. 1905, c. 311, § 5, amending St. 1903, c. 473, § 9,) it is a misdemeanor. R. L. c. 215, § 1.

If it be material here, it is settled that in misdemeanors there are no degrees, but that all who participate in the commission of the offence are principals and may be charged as such. *Com-*

*monwealth* v. *Macomber*, 3 Mass. 254. *Commonwealth* v. *Frost*, 5 Mass. 53. *Commonwealth* v. *Drew*, 3 Cush. 279. *Commonwealth* v. *Wallace*, 108 Mass. 12.

The question therefore comes down to this : Did the Commonwealth make out a *prima facie* case of participation by the defendant in the vehicle in question being run at an illegal speed, by showing that the vehicle was being run by the operator at an illegal speed while the defendant was in the tonneau (being either the general owner of the vehicle or having such a special property in it as gave him the right to control it) ? In our opinion those facts warranted the inference that the owner knew and allowed his vehicle to be illegally run. The case so made out is a *prima facie* case only. It may be contradicted or explained. But uncontradicted and unexplained it does, in our opinion, warrant that inference, and so makes out a *prima facie* case.

The agreed fact that the by-laws were "duly established" admits that the by-laws were advertised and posted in compliance with St. 1905, c. 366, § 1, and that they were made under that act (St. 1905, c. 366) ; also that the place covered by them was within the thickly settled part of the town in question within the meaning of St. 1903, c. 473, § 8. In short, it is an admission that they were of legal effect.

*Exceptions overruled.*