KATHERINE W. KINGSBURY *vs.* GEORGE S. TERRY.

Plymouth. May 4, 1938. — June 27, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Agency,* What constitutes. *Motor Vehicle,* Operation.

Evidence left it a question of fact whether one owning and riding in an automobile driven at the time of an accident by his eighteen year old daughter, whom he was about to leave in charge of his other children and the automobile at a summer resort, retained or had relinquished control of it to her at the time of the accident; and if he had relinquished control the daughter was not his agent and her negligence contributing to the accident was not imputable to him.

TORT. Writ in the District Court of Brockton dated November 14, 1936.

Upon removal to the Superior Court, the action was tried before *Dillon,* J. There was a verdict for the plaintiff in the sum of $5,016.25. The defendant alleged exceptions.

*W. F. Hallisey,* for the defendant.
*E. J. Campbell,* for the plaintiff.

Cox, J. This is an action of tort to recover for personal injuries sustained by the plaintiff, and for damage to her automobile in which she was riding when it was in collision with an automobile owned and operated by the defendant. The bill of exceptions states that the evidence warranted a finding of negligence on the part of the defendant and also a finding of "either negligence or due care on the part of the plaintiff's" eighteen year old daughter, Alice, who was operating the plaintiff's automobile at the time of the collision. The jury could have found that on the Friday prior to the accident, the plaintiff, who lived in New York, and her family of four children, of which the operator of the automobile was the oldest, arrived in Dennis, where the children were to remain for the summer. The plaintiff intended to return to New York on the day following the accident, and had made arrangements with her daughter Alice "concerning the children and the automobile." After the plaintiff's husband became disabled, Alice had looked after the other children and had managed the household upon an allowance, the plaintiff being engaged in business. On the day of the accident, Alice proposed that the children go to a nearby bathing beach and asked the plaintiff if she wished to go for a ride. All of the party, except the plaintiff, were dressed in their bathing suits. The latter did not intend to go in bathing. She expressed a wish to mail some letters if a post office was passed but the primary purpose of the ride was to go to the beach where the children could go in bathing. During the ride the plaintiff in no way attempted to direct or control the operation of the automobile or the route that was taken. Alice considered that she was in charge of the automobile and did not ask the plaintiff's permission to take it. "It was understood that I [Alice] could have the car whenever I wanted it. I didn't have to ask permission." The plaintiff considered that Alice was in charge of the car and that "it was her responsibility." At times the plaintiff operated the automobile but had not done so since her arrival at Dennis. When the accident occurred the plaintiff was seated on the rear seat. The jury found for the plaintiff.

The defendant seasonably requested the following rulings: "1. Upon all the evidence the plaintiff was in the legal control of the automobile in which she was riding at the time of the accident. 2. If the jury find that the operator of the automobile in which the plaintiff was riding was negligent and that such negligence contributed in a material degree to cause the accident, the plaintiff is not entitled to recover. 3. On all the evidence in this case any evidence of negligence of the operator of the plaintiff's automobile is imputable to the plaintiff."

In the case of *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129, which cannot be distinguished in principle from the case at bar, the court passed upon the refusal of the trial judge to give three requests for rulings which are identical with those in this case. In that case it was said (at page 428) "It is true, as a general rule of law, that the test of the existence of the relationship of master and servant is the right of control and not the actual exercise of control." The court held, however, that upon the evidence the jury could have found that "on the day of the accident the plaintiff had surrendered to her son the control of the automobile in which she was riding," and that the case was rightly submitted to the jury. The daughter Alice testified, in connection with her mother's intended return to New York, that "she . . . was going to take care and have the responsibility of her brothers and sisters, and to drive the automobile in her mother's absence." The defendant contends that this indicates an arrangement which was not to commence until the plaintiff left Dennis, but the jury may not have adopted this evidence and, in any event, the plaintiff is not bound by it. *Country Club Soda Co. Inc.* v. *Arbuckle*, 279 Mass. 121, 129, and cases cited. We think there was no error in the denial of the three requests for rulings.

The defendant also excepted to a portion of the judge's charge which covers substantially three pages of the printed record. There is nothing in the record to indicate that the attention of the judge was directed to any particular thing which he said or that any suggestion whatever was made to him as to anything which he might say by way of either

correction or addition.   See *Gately* v. *Taylor*, 211 Mass. 60, 65;  *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 391;  *Hall* v. *Shain*, 291 Mass. 506, 511–512;  *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168, and cases cited.   If the question is open, we think there was no error.   The defendant now argues that there was error as to the following excerpt from that portion of the charge to which exception was taken, where the judge said: "Now, if you are satisfied about that — that she surrendered her authority, her control, and that she was leaving the operation of the car solely to the daughter, letting her go where she wanted to go, and for whatever purpose she wanted to; and she gave no directions, and made no pretenses of control, then you might say that there is an entire absence of the relation of master or servant and principal and agent, or partners in a common enterprise."   The defendant's argument is that the test of the existence of the relationship of principal and agent is the right to control and not the actual exercise of control by the principal.   This point has been covered in what has already been said in discussing the case of *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129, where the cases relied upon by the defendant in the case at bar were cited, and in no respect was their force impaired by that decision nor is it by this.

Finally, the defendant contends that no instructions were given to the jury on the plaintiff's right to control, based upon her ownership of the automobile, as distinguished from actual control.   The quoted portion of the judge's charge is to be considered with what else was said. The judge gave full instructions as to the legal consequences where a master or principal is injured by reason of the negligence of his servant or agent.   The jury was told that it was to determine "whether the mother was in absolute control, by reason of her ownership of the car, and that, therefore, the driver was her agent or servant, and doing her bidding."   Just prior to the quoted part of the charge to which objection is now made, and after the plaintiff's ownership of the automobile had been referred to, the judge said: "Now, it is for you to say, gentlemen,

whether, from all of the facts that you have before you, whether or not, under those circumstances revealed, you can say that there was a surrender of authority, by the mother, on this trip." From an examination of the charge as reported, we think the jury was told, in language which it could understand, that the plaintiff could surrender control of the automobile despite the fact that she owned it; that it was a question of fact for the jury to determine whether the plaintiff was in control, by reason of her ownership, or whether she had relinquished control; that if she was in control, then her daughter, who was operating the automobile, was her agent or servant, and if any negligence of her daughter contributed to her injuries she could not recover. There was no error. *Wheeler* v. *Darmochwat*, 280 Mass. 553, 558. *Guy* v. *Union Street Railway*, 289 Mass. 225, 229, 230. *Levangie* v. *Gutterson*, 289 Mass. 287. *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129, 132–133.

*Exceptions overruled.*