## GURGY SANJEAN *vs.* MAX HYMAN.

Middlesex.     November 7, 1938. — January 31, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Motor Vehicle*, Registration, Operation.   *Agency*, What constitutes. *Negligence*, Imputed.

A motor vehicle was properly registered where the application gave the applicant's correct residential address immediately after his name but left blank a space calling for "Massachusetts residential address" and in a space calling for "Mail address if different" correctly stated his mail address, and the certificate correctly stated both addresses.

An elderly and infirm woman, the owner and an occupant of an automobile, who was injured in a collision with another automobile negligently operated, was not as a matter of law barred from recovery against such operator by concurring negligence of her son, who was operating her automobile but was not in her employ nor her agent at the time and to whom she had "turned over all control of" her automobile.

TORT, for personal injuries sustained in a collision with an automobile operated by the defendant.   Writ in the First District Court of Eastern Middlesex dated August 6, 1937.

After finding for the plaintiff in the sum of $675, *Brooks, J.,* reported the action to the Appellate Division for the Northern District, who ordered the report dismissed.   The defendant appealed.

The case was submitted on briefs.

*A. B. Peterson,* for the defendant.

*W. S. Patterson & I. N. Samuels,* for the plaintiff.

Cox, J.   Two questions are presented by this appeal of the defendant from the order of the Appellate Division dismissing the report of the trial judge: (1) Was the plain-

tiff's automobile properly registered?   (2) Was she bound
by the admitted negligence of her son who was operating
her automobile in which she was riding at the time of her
injury on June 2, 1937?

The trial judge found that the registration was legal and
that the plaintiff had "turned over all control of the auto-
mobile to her son"; and he found for the plaintiff.   There
was evidence that the plaintiff on January 1, 1937, and
for many years prior thereto, lived at 287 Salem Street,
Medford, Massachusetts, and that her mail address was
5 Allen Court, Medford, which was the home of her son.
The application dated January 1, 1937, and admittedly
signed by the plaintiff, for registration of her automobile
was in evidence.   In the boxed space at the top of the
application is typewritten the following:  "Gurgy Sanjean
287 Salem St  Medford  Mass."  Space "11" for "Massa-
chusetts residential address . . ." is blank.   In space
"11A," for "Mail address, if different . . ." is typewritten
"5 ALLEN COURT, MEDFORD, MASSACHUSETTS."   At the
top of the certificate of the insurance company, which is
a part of the exhibit, and upon which is printed "DO NOT
DETACH," appears in typewriting: "Print Name  Gurgy
Sanjean  Residential Address  287 Salem Street  Med-
ford  City."  Upon the certificate of registration which
was issued to the plaintiff by the registry of motor vehicles,
the following appears: "OWNER'S NAME AND ADDRESS
*Name* Gurgy Sanjean  *Street* 5 Allen Court  *City*
Medford, Mass." and over "Give residential address on
this line if it differs from mail address," appears "287 Salem
St., Medford, Mass."

G. L. (Ter. Ed.) c. 90, § 2, requires that the application
and certificate of registration shall contain "the name,
place of residence and address of the applicant."  "One
object of this legislative scheme for registration of auto-
mobiles is that there may be upon the public records an
easy means of identification of the automobile and its
owner." *Doyle* v. *Goldberg*, 294 Mass. 105, 107.  "Each
of these documents [the application and certificate] is an
essential part of the legislative plan for the registration

of motor vehicles. The object of that plan is to insure at all times easy identification of the vehicle and its owner. The application is the basis of the public record which remains open for inspection in the office of the registrar. The certificate (except in the case of a dealer) must accompany the vehicle for use on the road." *Brodmerkle* v. *Gorolsky,* 293 Mass. 517, 518. The applicant is the source of the information contained in the application and registration. *Lappanasse* v. *Loomis,* 297 Mass. 290, 293. The certificate of registration is issued by the registrar to the applicant. G. L. (Ter. Ed.) c. 90, § 2.

We are of opinion that the plaintiff's automobile was properly registered apart from any consideration of the provisions of G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361. The application contained a statement of the "Residential address" of the plaintiff. The registrar of motor vehicles appears to have had no difficulty in so reading the application. The certificate issued by him gives the correct residential address upon the line where it is required to be given "if it differs from mail address." The only real complaint of the defendant is that the residential address does not appear in the proper line provided for it in the application, but we think it is clear that the ordinary person examining the application at the registry would have no difficulty in determining the plaintiff's residence. The address "5 Allen Court" is unmistakably given in the space that calls for "Mail address" if this address is different from the residential address. We think it follows that the ordinary person would, without any difficulty, reasonably conclude from an inspection of the application that the plaintiff's residential address was 287 Salem Street, Medford, Massachusetts. In view of the fact that the applicant is the source of the information contained in the application for registration, we think it follows reasonably that she must be considered as having adopted as her own the information contained in it and is entitled to the benefit of whatever appears. "The purpose of this requirement [as to registration] is to identify the owner. A descriptive statement by which he can readily

be found in the community must be given. Variations from the literal terms of the statute not affecting in material particulars this purpose do not invalidate the registration . . . ." *Topf* v. *Holland*, 288 Mass. 552, 554. This case upon the point under discussion is distinguishable from *Gray* v. *Hatch*, 299 Mass. 105, and the cases there cited, some of which have been referred to in the defendant's brief.

It follows that there was no error in the refusal of the trial judge to rule that the plaintiff "illegally registered a motor vehicle."

There was no error in the refusal to rule that the negligence of the operator of the plaintiff's automobile barred recovery by the plaintiff. The defendant contends that the plaintiff, as matter of law, had the right to control the automobile or the right to exercise control, and that the negligence of her son, the operator, therefore, barred her recovery.

There was evidence that the plaintiff purchased the automobile in question in June, 1932; that at the time of the injury she was about eighty years of age, partially blind and "had an advanced case of arteriosclerosis"; that she was unable to read or write English, had never had a license to operate a motor vehicle, and had never operated one; that her son was the only operator of the automobile; that he kept the keys and certificate of registration and had paid the garage expenses for the two years preceding; and that the automobile was not garaged at the home of the plaintiff. On the day of the injury the plaintiff's son had the automobile for some purpose of his own and asked his father and mother if they wished to go for a drive. He had the automobile with the plaintiff's consent and she and her husband were driven to Stoneham "on affairs of the son." "He was not in his mother's employ and he was not her agent during the trip." On the way home, while the plaintiff was a passenger on the front seat beside the operator, her son, the accident happened. As was pointed out in the case of *Wheeler* v. *Darmochwat*, 280 Mass. 553, 558, "The mere concurrent facts of ownership and of occupancy

of an automobile do not predicate liability for its operation by another without the further fact that the owner retained the right and power to control the manner in which it was to be driven." In the case of *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129, at page 132, it was said that "It is true, as a general rule of law, that the test of the existence of the relationship of master and servant is the right of control and not the actual exercise of control." The court held, however, that, upon the evidence in that case, the jury could have found that "on the day of the accident the plaintiff had surrendered to her son the control of the automobile in which she was riding." (Page 133.) We think it was a question of fact whether the plaintiff retained a right to control the automobile. *Wheeler* v. *Darmochwat*, 280 Mass. 553, 558. *Foley* v. *Hurley*, 288 Mass. 354, 356. *Guy* v. *Union Street Railway*, 289 Mass. 225, 230. *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129. *Kingsbury* v. *Terry*, 300 Mass. 516.

*Order dismissing report affirmed.*