JULIA MORTON *vs.* OLIVER DOBSON
(and three companion cases[1]).

Plymouth.     October 9, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way.

On evidence that the plaintiffs, the owner of an automobile and the operator, his employee, looked to their right and saw no approaching automobile before they entered an intersection of public ways at a speed of not over ten miles an hour, and that in the center of the intersection the right rear of the automobile was struck violently by an automobile operated by the defendant which had approached from their right at an unreasonable speed, a finding that either plaintiff was guilty of contributory negligence was not required.

---

[1] The companion cases are Julia Morton *vs.* United States Gypsum Company, Charles E. Staples *vs.* Oliver Dobson, and Same *vs.* United States Gypsum Company.

Evidence, at the trial together of two actions, one against the operator and the other against the registered owner of an automobile that collided at an intersection of ways with an automobile of the plaintiff, that the plaintiff's automobile, when proceeding slowly in the center of the intersection, was violently struck by the defendant's automobile which had approached at an unreasonable speed, warranted a finding of negligence of the defendant operator, for which the registered owner, under § 85A of G. L. (Ter. Ed.) c. 231, also might be found liable.

FOUR ACTIONS OF TORT. Writs, in the actions brought by Julia Morton in the Third District Court of Plymouth, and in those brought by Charles E. Staples in the Second District Court of Plymouth, all writs being dated October 8, 1937.

On removal to the Superior Court, the cases were tried together before *Williams*, J. There was a verdict for the plaintiff Morton in each of the actions brought by her in the sum of $5,500; and for the plaintiff Staples in each of the actions brought by him in the sum of $500. The defendants alleged exceptions.

*F. S. Katzmann & M. J. Dray*, for the defendants, submitted a brief.

*A. P. Richards*, (*A. S. Feinberg & A. R. Hussey, Jr.*, with him,) for the plaintiffs.

RONAN, J. The plaintiffs were proceeding easterly along Taylor Street, a public way in Pembroke, at about five o'clock on the afternoon of January 26, 1937, in an automobile owned by the plaintiff Morton and operated by her agent, Staples, at a rate of speed of twenty miles an hour as the automobile approached the intersection of Union Street, where it slowed up, almost stopped, and then started across the intersection "going not over ten miles an hour" when its rear right side was struck by an automobile owned and registered in the name of the corporate defendant and driven by the defendant Dobson, one of its salesmen, in a northerly direction along Union Street. The accident happened about in the center of the intersection. Myrtle Street was a continuation of Taylor Street and Elm Street was a continuation of Union Street. The motor vehicle operated by Staples went about fifty-

eight feet and stopped with its left side against an ash tree located on the north side of Myrtle Street, and Mrs. Morton was found lying on the grass about twenty feet beyond this ash tree and twenty-five to thirty feet away from the road. The automobile driven by Dobson went about sixty feet after the accident. Both plaintiffs looked to the south toward Union Street as they approached the intersection but neither saw the motor vehicle driven by Dobson. Dobson had stated that he was proceeding along Union Street at about twenty-five miles an hour, that he looked to his left down Taylor Street for seventy-five feet when he was about seventy-five feet from the intersection, but that he saw no automobile until the one in which the plaintiffs were riding was in the center of the intersection four feet ahead of him. The jury could find the facts just recited from the evidence. The judge excluded various statements alleged to have been made by Dobson in the two cases against the corporate defendant. Neither defendant offered any evidence. The jury returned verdicts for the plaintiffs. The defendants excepted to the refusal to grant motions for directed verdicts and to the denial of motions to enter verdicts for them upon leave reserved.

The test to be applied in determining if there was error in the denial of the motions for the entry of verdicts under leave reserved is the same as that applied to the denial of motions for directed verdicts. Such motions are properly refused unless the evidence, construed most favorably to the plaintiff, would not warrant a verdict for him or unless the evidence binding upon the plaintiff precludes him from a verdict. *Curtis* v. *Comerford*, 283 Mass. 589. *Salem Trust Co.* v. *Deery*, 289 Mass. 431. *Holton* v. *Shepard*, 291 Mass. 513.

The cases against the individual defendant were rightly submitted to the jury. The fact that neither plaintiff saw the approaching automobile is not conclusive evidence that the plaintiffs were negligent. It was, however, a factor of considerable importance. The jury could find that they had taken reasonable precautions as they neared the intersection to determine the presence of any automobile on

Union Street, that the other automobile might not then have been within their vision, and that they were not careless in relying upon the observations which they had made in believing that it was safe to proceed over the intersection. Both could rely to some extent on the expectation that the operator of an approaching automobile would exercise proper care and comply with the law. *Cohen* v. *Martin*, 298 Mass. 425. There was evidence that each plaintiff was acting reasonably in approaching and in endeavoring to cross the intersection. Staples could have been found to have been in the exercise of due care and, therefore, there was no negligence of his which could be imputed to his employer, the plaintiff Morton. The issue of her due care is an affirmative defence and she was bound to prove the due care of her employee in operating her automobile, *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262; *Pitman & Brown Co.* v. *Eastern Massachusetts Street Railway*, 255 Mass. 292, but in either aspect the evidence presented a question of fact for the jury. The jury could find that the plaintiffs did not violate the right of way statute (G. L. [Ter. Ed.] c. 89, § 8), that the defendant Dobson should have seen the approach of the automobile in which the plaintiffs were riding in time to have averted the collision and that the accident was caused solely by his negligence. Ordinarily, the issues of negligence and due care, in a collision between motor vehicles at the intersection of public ways, are for the determination of the jury. *Barrows* v. *Checker Taxi Co.* 290 Mass. 231. *Bresnick* v. *Heath*, 292 Mass. 293. *Avery* v. *R. E. Guerin Trucking Co. Inc.* 304 Mass. 500. *Gibbons* v. *Denoncourt*, 297 Mass. 448. *Cohen* v. *Martin*, 298 Mass. 425.

We now pass to the cases against the corporate defendant. The declarations made by Dobson to various officers concerning the happening of the accident were not competent evidence in the case against the corporate defendant, and were rightly limited to the cases against Dobson. *Conklin* v. *Consolidated Railway*, 196 Mass. 302. *Parsons* v. *Dwight-state Co.* 301 Mass. 324. *Ferguson* v. *Ashkenazy, ante,* 197. The corporate defendant contends that, with these declara-

tions omitted, no case has been proved against this defendant. But the automobile was owned and registered in the name of this defendant and, by virtue of G. L. (Ter. Ed.) c. 231, § 85A, this was *prima facie* evidence that the automobile at the time of the accident was being operated by an employee of the defendant within the scope of his employment. *Greenburg* v. *Gorvine,* 279 Mass. 339. *Legarry* v. *Finn Motor Sales, Inc.* 304 Mass. 446. The mere happening of a collision between vehicles upon a public way does not establish a *prima facie* case. The doctrine of *res ipsa loquitur* is inapplicable. *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124. *Rogers.* v. *Dalton,* 298 Mass. 146.

The driving of an automobile into the intersection of public ways at such a speed as to damage the other automobile to the extent shown by the evidence, and to deflect it off its course and into a tree fifty-eight feet away, could be considered by the jury in determining its speed. They could fairly infer that it was driven at an unreasonable speed. The nature of the damage sustained by the defendant's automobile showed that it ran head on into the right rear of the Morton automobile, and was evidence tending to show that the defendant's operator did not discover the presence of the Morton automobile until it was too late to avoid it, or that, if he did, he made no attempt to change his course and to travel in the available space in the rear of the other automobile. The marks made by the defendant's automobile and its course subsequent to the collision, and the other relevant physical facts, when construed with the testimony of the plaintiffs, made the issue of the negligence of the defendant's operator one of fact for the jury. The evidence in the case against the corporation showed more than a mere collision of automobiles. It showed enough of the attending circumstances to present an issue of fact upon the question of the negligence of its employee. *Keyes* v. *Checker Taxi Co.* 275 Mass. 461. *Jackson* v. *Anthony,* 282 Mass. 540. *Lenehan* v. *Travers,* 288 Mass. 156. *Curtin* v. *Benjamin,* 305 Mass. 489.

*Exceptions overruled.*