FRANK MENDOLIA, administrator, *vs.* FRANCIS J. WHITE.

Suffolk.     February 3, 1943. — February 24, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence,* Imputed, Motor vehicle, Contributory. *Agency,* What constitutes. *Motor Vehicle,* Operation. *Evidence,* Presumptions and burden of proof.

In an action against a third person for injury sustained by the owner of an automobile riding therein while it was being operated by another with his consent, negligence of the operator contributing to the injury is imputed to the owner and bars recovery if at the time of the injury the owner has the right to control the operation.

Evidence merely that the owner of an automobile permitted another occupant to come from the rear seat, join him in the front seat and operate the automobile did not warrant an inference that the owner then parted with the right to control its operation.

The burden is upon the plaintiff, in an action against a third person for injury sustained by the owner of an automobile riding therein when it was being operated by another with his consent, to prove either that he did not stand in such a relation to the operator that the negligence of the operator should be imputed to him, or that, if he stood in such a relation, the operator was free from contributory negligence; § 85 of G. L. c. 231, is applicable in such circumstances only to the personal conduct of the owner.

TORT. Writ in the Municipal Court of the City of Boston dated February 2, 1940.

On removal to the Superior Court, the case was tried before *Fosdick,* J., and in this court was submitted on briefs.

*J. M. Graham,* for the defendant.

*M. E. Viola & J. R. Corish,* for the plaintiff.

RONAN, J. One MacDonald asked the intestate, **Angelo** J. Mendolia, if he could take his automobile the next day for the purpose of visiting MacDonald's aunt, who lived in Raynham. Mendolia said that as he had nothing **to** do he would go along on the trip. Mendolia, according to the arrangements made the previous day, met MacDonald and with him drove to a hospital where a woman nurse, who was a friend of Mendolia, got into the automobile. They then proceeded to Attleboro where a woman friend of MacDonald joined the party. After a visit to MacDonald's aunt in Raynham they returned to Attleboro for the purpose of leaving MacDonald's friend at her home, and from there started, at about midnight, on the return trip to Boston. MacDonald asked Mendolia if he could drive. Mendolia stopped the automobile and then sat on the front seat at the right of the nurse. MacDonald left the rear seat and took his position back of the steering wheel. He was operating the automobile when it became involved in a collision in Boston with another automobile operated by the defendant. Mendolia was so severely injured that his death resulted. The defendant excepted to the refusal of the judge to permit him to ask MacDonald if he would have driven the automobile to his home, or to Mendolia's home, or to the hospital if Mendolia had requested him to do so; to the denial of two requests for instructions, one to the effect that Mendolia as the owner had the right of control of the automobile and there was no evidence that he had surrendered such right to MacDonald at the time of the accident, and the other, in substance, that if MacDonald was negligent and such negligence contributed to the accident, then the plaintiff could not recover; and to parts of the charge that were inconsistent with these two requests. The jury returned a verdict for the plaintiff.

The negligence of the operator of an automobile in which the owner is travelling is chargeable to the latter, in an action against a third person by the owner to recover damages, if at the time of the injury the owner had the

right to control the operation of his automobile. The right to control the use of a chattel is one of the attributes of ownership and is possessed by the owner unless he has parted with it by a sale, bailment, loan or some other disposition of the chattel or unless there has been a contractual surrender or an abandonment of it to the person who is using the chattel. An informal agreement between the owner of an automobile and one who casually or voluntarily happens to be operating it while the owner is an occupant, as distinguished from an agreement with one who is regularly employed for compensation to operate it, seldom contains any reference to this matter of control, and whether there has been a transfer from the owner to such an operator must frequently rest in the inferences that may be properly deduced from the conduct of the parties. Little more appears in this record than the bald fact that Mendolia granted MacDonald's request and permitted him to operate the automobile. Of course, that put MacDonald in charge of the steering and motive mechanism, but that fact by itself would be insufficient to show that in driving the automobile he was free from the supervision or direction of Mendolia. If the owner retained the power to control the operation of his automobile, then he was free to give such directions as he saw fit to the driver. There was evidence that Mendolia gave no directions or instructions to MacDonald, but the record does not disclose how long or how far MacDonald had driven before the accident, or that Mendolia was not satisfied as to the manner in which he was operating the automobile. We think the evidence was insufficient to warrant an inference that Mendolia had divested himself of all right to control the operation of the automobile at the time of the accident. In *Commonwealth* v. *Sherman,* 191 Mass. 439, the owner, who was in the automobile, was held criminally liable on account of its operation at an illegal speed, although nothing whatever was shown as to the identity of the operator, his relation to the owner, or the circumstances under which he operated the automobile. *Wheeler* v. *Darmochwat,* 280 Mass. 553. *Ballou* v.

*Fitzpatrick,* 283 Mass. 336.  *Foley* v. *Hurley,* 288 Mass.
354.  *Guy* v. *Union Street Railway,* 289 Mass. 225.  *Levangie*
v. *Gutterson,* 289 Mass. 287.  *Saltman, petitioner,* 289 Mass.
554.  The case is distinguishable from *Deyette* v. *Boston
Elevated Railway,* 297 Mass. 129, *Kingsbury* v. *Terry,*
300 Mass. 516, *Sanjean* v. *Hyman,* 302 Mass. 224, where
the circumstances were such as to warrant an inference
that the owner had parted with the right to control the
operation of his automobile.

The burden of proving that Mendolia himself was con-
tributorily negligent rested upon the defendant by virtue
of G. L. (Ter. Ed.) c. 231, § 85.  Control is an incident of
ownership, and continues in the owner-occupant of an
automobile that is being driven along the public way in
the absence of any evidence tending to show that it has
been transferred by the owner to the operator.  Where it
merely appears that a third party is operating the automo-
bile in the presence and with the knowledge and consent
of the owner and the owner is injured by a collision of his
automobile with the automobile of the defendant, then
the burden is upon the owner to show that he did not
stand in such a relation to the operator that the negligence
of the latter should be imputed to him, or that, if he stood
in such a relation, the operator of his automobile was free
from contributory negligence.  The due care statute creat-
ing a presumption in favor of the plaintiff and putting
the burden upon the defendant of proving the negligence
of the plaintiff extends only to the personal conduct of
the plaintiff himself, and leaves unaffected the principles
of the common law that a plaintiff who is chargeable with
the conduct of a third person must prove that the latter
was not negligent.  *Bullard* v. *Boston Elevated Railway,*
226 Mass. 262.  *Sullivan* v. *Chadwick,* 236 Mass. 130.
*Pitman & Brown Co.* v. *Eastern Massachusetts Street Rail-
way,* 255 Mass. 292.  *Stachowicz* v. *Matera,* 257 Mass. 283.
*Franca* v. *Rubin,* 268 Mass. 590.  *Shear* v. *Rogoff,* 288 Mass.
357.  *McKenna* v. *Andreassi,* 292 Mass. 213.  *Morton*
v. *Dobson,* 307 Mass. 394.

We think that there was error in the denial of the defend-

ant's request for an instruction that there was no evidence that Mendolia had surrendered control to MacDonald. The charge was full, and correctly set forth the abstract principles of law, but the difficulty is that some of these principles were inapplicable when it did not appear that Mendolia had divested himself of the right to control his automobile.

In view of our conclusion it is unnecessary to consider the other exceptions.

*Exceptions sustained.*