Eno, J.
This is an action of tort for personal injuries and property damage to plaintiff’s motor vehicle caused by the alleged negligence of the defendant. The answer is a general denial and a plea of contributory negligence.
This action was tried together with the following cases: Samuel Shuman v. Maxwell Touber, in which there was a finding for the defendant; Ralph Shuman, p. p. a. v. Maxwell Touber, and Anita Ginsburg, p. p. a. v. Samuel Shuman, in which, and in this action, the Court found for the plaintiffs.
There was evidence at the trial that the plaintiff was the owner of a motor vehicle purchased about a year before from one Maxwell Touber; that both the plaintiff and said Touber were engaged in the Antique business in different locations; that said Touber frequently used said motor vehicle for his own business with plaintiff’s consent; that on the day of the alleged accident he had used it on his own *240 business all day; that after he finished his day’s work, he invited the plaintiff, her daughter Anita, and his own daughter to go to the movies; that while operating said motor vehicle it was in collision with another owned by Samuel Shuman, in which Ealph Shuman was riding; that the plaintiff sustained personal injuries and damage to her motor vehicle as the result of the negligent driving of both operators.
At the close of the trial and before final arguments, the defendant made the following requests for rulings to which are added the judge’s action thereon.
‘ ‘ 1. That the evidence does not warrant a finding for the plaintiff. Denied.* 2. That the plaintiff cannot recover on her declaration. Denied. 3. That the evidence warrants a finding for the defendant. Granted. 4. That there is sufficient evidence to warrant a finding that the plaintiff’s car was at the time of the accident illegally registered. Waived. 5. That the negligence of the operator of an automobile in which the plaintiff as owner is travelling is chargeable to the latter if at the time of the injury the owner had the right to control the operation of the automobile. Granted. I find that the owner was not in control.. 6. That the burden is on the plaintiff as owner to show that she did not .stand in such relation to the operator that the negligence of the latter should be imputed to her, or that, if she stood in such relation, the operator of her automobile was free from contributory negligence. Granted, see fp5. 7. That there is no sufficient evidence to warrant a finding that the plaintiff, at the time of the accident, did not have the right to control the operation of her automobile. Denied• 8. That the plaintiff has not sustained the burden of showing that the operator of her automobile was *241 free from contributory negligence. Granted. 9. That the evidence warrants a finding that the operator of the plaintiff’s automobile was negligent. Granted.”
The trial justice also made the following findings of facts:
“I find that the defendant was negligent; that the plaintiff was in the exercise of due care and had not retained the right and power to control the manner in which the automobile was operated and that the operator’s negligence is not imputed to the plaintiff.”
The report states that it contains all the evidence material to the questions reported.
The issue raised by the denied defendant’s requested rulings is whether or not the plaintiff had surrendered control of her motor vehicle to the operator, Mr. Touber, and also whether his negligence is imputable to her.
Generally the test of the existence of the relationship of master and servant is the right of control and not the actual exercise of control. Deyette v. Boston El. Ry. Co., 297 Mass. 129, and cases cited therein.
The rule governing such cases as the one at bar is stated in the case of Mendolia v. White, 313 Mass. 318, at 319 as follows:
“The negligence of the operator of an automobile in which the owner is travelling is chargeable to the latter, in an action against a third person by the owner to recover damages, if at the time of the injury the owner had the right to control the operation of his automobile. The right to control the use of a chattel is one of the attributes of ownership and is possessed by the owner unless he has parted with it by a sale, bailment, loan or some other disposition of the chattel or unless there has been a contractual surrender or an abandonment of it to the person who is using the chattel. An in-< formal agreement between the owner of an automobile and one who casually or voluntarily happens to be operating it while the owner is an occupant, as dis *242 tinguished from an agreement with one who is regularly employed for compensation to operate it, seldom contains any reference to this matter of control, and whether there has been a transfer from the owner to such an operator must frequently rest in the inferences that may be properly deduced from the conduct of the parties.”
In the instant case the trial justice has drawn the permissible inference from the conduct of the parties and has found as a fact that the owner had surrendered control. Deyette v. Boston Elevated Railway, 297 Mass. 129; Sanjean v. Human, 302 Mass. 224; Kingsbury v. Terry, 300 Mass. 516.
The case is distinguishable from Mendolia v. White, cited supra, because here the court could find that the owner had not regained control after divesting herself of it when she loaned her motor vehicle to the operator on the morning of the accident.
There was no prejudicial error, therefore, in the denial of defendant’s first, second, and seventh requested rulings, and the report is to be dismissed.

 The trial court’s ruling and findings on each of the defendant’s requests for rulings are printed in italics following the request.