DONABED MENZIGIAN *vs.* BLANCHE LARIVIERE.

Worcester. September 24, 1956. — November 5, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence,* Imputed negligence, Motor vehicle, Contributory. *Motor Vehicle,* Operation.

In an action for personal injuries sustained in a collision between the defendant's automobile and an automobile owned by the plaintiff, an elderly man who had no driver's license, at a time when the plaintiff was riding in his automobile and his son was driving it solely for the son's own purposes, it was for the jury to determine whether the plaintiff retained or had abandoned the right to control his automobile at that time, and an instruction to the jury that there was no evidence of abandonment of control was reversible error since, taken with the rest of the charge, it might have misled them into concluding that they were obliged to impute to the plaintiff any negligence of the son which contributed to the accident.

TORT. Writ in the Superior Court dated June 9, 1949.

The action was tried before *Smith,* J.

*Seymour Weinstein,* for the plaintiff.

*Edward D. Simsarian,* (*Berge C. Tashjian* with him,) for the defendant.

SPALDING, J. On December 11, 1948, the plaintiff sustained injuries in an automobile accident in these circumstances. The plaintiff, aged sixty-six, resided in Rochdale, and his son Jacob, aged twenty-five, lived with him. The plaintiff was the owner of an automobile but had no license to operate it. On the day of the accident Jacob drove the automobile from Rochdale to Worcester to visit a friend. Jacob was accompanied by the plaintiff who sat

beside him on the front seat. In explaining his presence in the automobile the plaintiff said, "Sometime give a ride." As the automobile was proceeding on Belmont Street the defendant's automobile, which was ahead of it, stopped suddenly and the plaintiff's automobile collided with it. The plaintiff was thrown against the windshield of his automobile and was injured.

The case was tried to a jury who returned a verdict for the defendant. The sole question for decision arises from the plaintiff's exception to that part of the judge's charge which dealt with the subject of imputed negligence, the pertinent portions of which are set forth in the footnote.[1]

---

[1] "It is true . . . that a passenger, a mere passenger in an automobile, is bound only to exercise the same degree of care that an ordinary passenger would under the same circumstances at the same place. And if a passenger, a mere passenger, exercises that degree of care, he may recover even though the operator was negligent. In this case, however, it is agreed that the plaintiff was the owner of the automobile that was involved. Now, the law as to that is this: where the owner of a vehicle — whether it is a carriage or a motor vehicle — is riding in it while it is being driven by another person, and thus has not only the right to possession but the actual possession of the vehicle, he necessarily retains the power and the right of controlling the manner in which it is to be driven, unless he has in some way — by a contract — let himself out of this right, or has shown by conclusive evidence that he abandoned his right. The owner has a duty to control a driver, and if the driver is driving at a speed known to the owner to be dangerous, and the owner does not interfere to prevent him, the owner may even become responsible criminally. The existence of the right to control determines the status of the owner in the car. He has a right to control and likewise a duty to control. When it appears that the owner of an automobile is riding in it while it is being driven by another in an improper manner, and there is no evidence in the case indicating that the owner has, by contract, surrendered his right to control — or there is no evidence of an abandonment of the right to control, the inference is warranted that the owner knew of it and permitted its improper operation, and thus becomes responsible for its consequences.

"In other words, if I as the owner of an automobile am riding in it, and somebody else is operating it, I have the right to the possession of that automobile and the right to the control of it. And I have a duty so to control the operation of it that the operator will not operate it in an improper manner. Now, having that obligation, I am responsible. Or, put it in another way, if the operator is careless and negligent and causes an injury I, the owner, who am on the seat beside him, may be charged with the operator's negligence unless I have surrendered the right to control by some contractual relation, or unless I have abandoned the right.

"Well, in this case here there is no evidence of any contract of any kind. There is no claim made that the younger man was the agent or servant of his father. . . . There is no evidence here that the father abandoned the right to control. He just simply sat in the car, as far as I recall the evidence, but it is for you to say. If you find that the young man was negligent in the operation, contributorily negligent or negligent, and his negligence caused or helped to cause the injury or the collision with the consequent injury to the father, you may find that the father is bound by that, and cannot recover. It is for you to say, on all the evidence."

It is familiar law that the negligence of the operator of an automobile in which the owner is travelling is chargeable to the latter, in an action against a third person by the owner, if at the time of the injury the owner had the right to control the operation of his automobile. Control, of course, is an incident of ownership, and continues in the owner-occupant of an automobile in the absence of any evidence tending to show that it has been transferred by him to the operator. *Mendolia* v. *White*, 313 Mass. 318, 320–321. But the right of control arising from ownership is prima facie only and may be contradicted or explained. *Commonwealth* v. *Sherman*, 191 Mass. 439, 441. *Wheeler* v. *Darmochwat*, 280 Mass. 553, 558.

The evidence contained in the bill of exceptions is meager. All that appears is that the plaintiff, an elderly man who had no driver's license, was riding on the day of the accident as an owner-occupant with his son who was driving the automobile solely for his own purpose. There was no evidence that the son was in the plaintiff's employ at the time of the accident and the judge charged the jury that the son was not the agent of the plaintiff. But he also charged that there was no evidence that the plaintiff had abandoned control of the automobile to his son. This instruction taken with the rest of the charge might have misled the jury. It conveyed the idea that the plaintiff retained the right of control by reason of his ownership of the automobile unless he had abandoned that right and that there was no evidence that he had abandoned it. The jury might well have concluded that they were obliged to impute to the plaintiff the negligence of his son. We are of opinion that it was for the jury to say on all the evidence whether the plaintiff had retained the right to control the automobile. The case at bar is governed by *Deyette* v. *Boston Elevated Railway*, 297 Mass. 129, *Kingsbury* v. *Terry*, 300 Mass. 516, and *Sanjean* v. *Hyman*, 302 Mass. 224, 227–228, rather than by *Mendolia* v. *White*, 313 Mass. 318, on which the defendant relies.

*Exceptions sustained.*