MELVIN I. HOROWITZ & another *vs.* JOHN N. BOKRON.

Suffolk.  May 6, 1958. — June 25, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Evidence,* Order of evidence, Judicial discretion, Photograph, Relevancy and materiality, Failure to produce witness.  *Practice, Civil,* Charge to jury.

No abuse of discretion on the part of the judge at the trial of an action for personal injuries appeared in permitting medical witnesses to testify on the issue of damages as to serious injuries to the plaintiff before a basis for liability of the defendant had been established or the cross-examination of the plaintiff completed.  [742]

There was no error at the trial of an action by a woman for personal injuries in the admission in evidence of colored photographic slides showing extremely unpleasant injuries to the face and neck of the plaintiff.  [742–743]

At the trial of an action for personal injuries sustained in a collision between an automobile owned by the plaintiff and operated by her husband and an automobile operated by the defendant, there was reversible error in the exclusion of evidence as to the small amount of liquor left in a bottle found in the plaintiff's automobile after the accident which the plaintiff later testified was "half full or close to it" when she left home before the accident.  [743]

It was reversible error at the trial of an action for personal injuries for the judge to charge that the jury might "consider" the failure of a doctor who examined the plaintiff in behalf of the defendant "to appear and testify" and might "draw such inference as . . . [the jury felt was] reasonable and proper" from such failure where there was no evidence that the doctor was available as a witness.  [743–744]

At the trial of an action for personal injuries sustained by a woman in a collision while riding in an automobile owned by her and operated by her husband, confusing instructions to the jury with respect to imputing negligence of the husband to the plaintiff and her own contributory negligence were not a compliance with the judge's duty to charge the jury clearly, adequately, and correctly concerning principles that ought to guide and control their action.  [744–746]

TORT.  Writ in the Municipal Court of the City of Boston dated February 1, 1955.

Upon removal to the Superior Court, the action was tried before *Johnson,* J., a District Court judge sitting under statutory authority.

*Thomas D. Burns,* (*Leon Birnbaum & William H. Clancy* with him,) for the defendant.

*Walter F. Henneberry,* (*George W. Stuart* with him,) for the plaintiffs.

CUTTER, J. This action of tort arises out of an automobile accident on Route 9 in Brookline. The defendant, who did not testify and called no witnesses, excepted to rulings relating to evidence, to the judge's conduct of the trial, and to parts of his charge. There was a verdict for one plaintiff, Mrs. Horowitz, on one count of the declaration. Evidence of the following facts appears.

On February 14, 1954, the plaintiffs left a motion picture show in Framingham about 11:30 P.M. in an automobile owned by Mrs. Horowitz and drove to a café or bar on Huntington Avenue, Boston, to see the defendant, who owned the establishment. The plaintiffs invited the defendant to go with them to their house in Waban and the defendant "sent over a couple of drinks to their table." Mrs. Horowitz did not see her husband consume the drink that had been served to him, but he "may have sipped it." The husband testified that he "took a sip." They waited for the defendant until a little after 2:00 A.M. when they left with the understanding that the defendant would meet them at the plaintiffs' house.

The plaintiffs, with the husband driving, went out through Brookline Village at an average speed of forty to fifty miles an hour to Route 9 and west on that route, encountering little traffic on a clear, dry night. A slight distance from the intersection of Route 9 and Reservoir Road, near a fire station, on a three lane section of a divided highway, another automobile overtook them. This was a little east of a place where (as shown by the photographic exhibits) the highway bent slightly to the left before a further slight bend to the right. This automobile, driven by the defendant, passed the plaintiffs "right beside their car" on their left on the lane nearest to the center reservation, "hugging the curb," hit a cast iron pole supporting a traffic light which stood "on the edge of the island," knocked it about five hundred feet,

went straight for a time, then veered right across in front of Mrs. Horowitz's automobile, hit the right hand curb or some tree and then shot back to the left, and came to rest with its front wheels on the reservation. The plaintiffs testified that the defendant's automobile hit the right side of Mrs. Horowitz's automobile. The Horowitz automobile stopped some thirty feet west of, and beyond, the defendant's automobile. Both plaintiffs were seriously injured. There was testimony that the plaintiffs "crossed the intersection of Reservoir Road . . . going between 40 and 50 miles an hour," and that the defendant's automobile "was going between 70 . . . [and] 80 miles an hour as it went by" the automobile in which the plaintiffs were riding. There was a tire mark to the rear of the left wheel of the Horowitz automobile for "roughly 300 feet" and tire marks from the rear of the defendant's automobile. The Horowitz automobile was "badly damaged on the front end." Photographs showed that the hood was crumpled and the bumper crushed and broken, with some damage to the radiator and front part of the engine. The front bumper, grille, and left fender of the Bokron automobile were damaged.

At the time of the collision there was an opened bottle of whiskey in Mrs. Horowitz's automobile, which had been "half full or close to it" when it had been taken from the Horowitz house. Mrs. Horowitz testified that this was done in order that the young woman left in charge of the plaintiffs' children would not use it. On the record it is not clear what amount was in the bottle after the accident. The plaintiffs testified that they had not consumed any of the contents after leaving their house.

On the issue of the operation of Mrs. Horowitz's automobile by her husband on the night of the accident, the only evidence was as follows: "Q. Now, Mrs. Horowitz, at the time that you were in town with your husband, and on the way back, will you tell us whether or not you, in any way, directed or controlled the actions of your husband in the operation of the car? A. No, I didn't. Q. And was the automobile being used for any special business or errand on

your behalf?  A.  No." Mrs. Horowitz testified that there was nothing which she could have done that she did not do to avoid the accident.  It was not disputed that Horowitz did all the driving, at least after leaving Framingham.  The automobile that Horowitz "was driving was the only car that he and his wife owned.  He drove it from time to time, but did not use it in his business.  He had a car for business, but it was not registered in his name." Mrs. Horowitz had bought the automobile "herself."

1. The defendant contends that he was prejudiced by the action of the judge in permitting medical witnesses to testify on the issue of damages and Mrs. Horowitz's serious injuries, which were of a nature likely to excite sympathy, before the plaintiffs had established a basis for any finding of liability and before cross-examination of Mrs. Horowitz had been completed.  In a case like the present, conceivably premature proof of damages may hinder the jury's objective consideration of the issue of liability.  It is for the judge to weigh this risk against the public interest in avoiding undue, inconvenient use of the time of busy medical witnesses.  The order in which witnesses shall be called is a matter within the trial judge's discretion.  *Cushing* v. *Billings*, 2 Cush. 158, 159.  *Donahue* v. *Kenney*, 330 Mass. 9, 12.  Wigmore, Evidence (3d ed.) § 1869.  We cannot say that the trial judge here abused his discretion.

2. The defendant objected to the introduction in evidence by one medical expert of colored photographic slides showing the extremely unpleasant injuries to Mrs. Horowitz's face and neck, because these slides were inflammatory in character.  No contention is made that the slides did not represent conditions as they were.  A trial judge should ascertain by suitable preliminary inquiry, before admitting such evidence, at least that it is sufficiently verified, that it reflects the situation fairly, and that it is likely to be of sufficient assistance to the jury to warrant its use.  So far as its admission or exclusion may be a matter of discretion (see *Howe* v. *Boston*, 311 Mass. 278, 281–282), his action will not be revised unless plainly wrong.  *Everson* v. *Casualty*

*Co.* 208 Mass. 214, 219–220. *Commonwealth* v. *Noxon,* 319
Mass. 495, 536–537. *Commonwealth* v. *Makarewicz,* 333
Mass. 575, 583–584. There was no error in admitting the
colored slides.

3. A police officer, who had arrived at the scene shortly
after the accident, testified on cross-examination that he
had personal recollection about facts stated in his report
concerning the amount of whiskey in the bottle found in
Mrs. Horowitz's automobile. He was asked, "Again mak-
ing reference . . . [to his report], was there a small amount
of liquor left in that bottle?" The witness, on objection by
the plaintiffs, was not permitted to answer and the defendant
claimed an exception. An offer of proof had been previously
made that the officer's report showed that there was only a
small amount of whiskey in the bottle, which Mrs. Horowitz
later testified was "half full or close to it" when she left
home. The question was relevant and the reference to the
report in the question we interpret as merely a request that
the officer refer to the report to refresh his recollection. See
*Fisher* v. *Swartz,* 333 Mass. 265, 267. This exception must
be sustained.

4. The first exception to the charge deals with the
judge's statement, "Then, of course, there was some ref-
erence to a doctor . . . [T]here was some examination made
by this doctor of the plaintiff . . . and there was a comment
made on the failure of that doctor to . . . testify. And
you may consider that fact also . . . and you may draw
such inference as you feel is reasonable and proper as . . .
reasonably prudent men and women in this case." To this
part of the charge, the defendant claimed an exception. A
doctor called by the plaintiffs had testified that the plain-
tiffs, on April 22, 1954, had been examined by a Dr. Dorgan
in behalf of the defendant. In the bill of exceptions, which
is stated to constitute "all of the evidence . . . material to
the exceptions of the defendant," there was no evidence that
Dr. Dorgan was available to testify. The record does not
indicate the language of counsel's comment as to the failure
of the doctor to testify or show which counsel made the

comment.  We might easily infer that the comment oc-
curred in the argument to the jury by the plaintiffs' counsel.
We need not, however, make this fairly obvious deduction,
because the judge made the statement in his charge that the
jury might "consider" the "failure of that doctor to appear
and testify," and might "draw such inference as you feel
is reasonable and proper."  This instruction was not limited
by the judge to the issue of damages, although it had
relevance only to that issue.  Evidence being lacking that
Dr. Dorgan was available as a witness, this statement in
itself was improper, and the defendant's exception to this
particular statement in the charge was a sufficient direction
of the judge's attention to its impropriety.  *London* v.
*Bay State St. Ry.* 231 Mass. 480, 483–486, 487.  *Heina* v.
*Broadway Fruit Mkt. Inc.* 304 Mass. 608, 610–612.  *McGeorge*
v. *Grand Realty Trust, Inc.* 316 Mass. 373, 377–378.  See
*Commonwealth* v. *Domanski,* 332 Mass. 66, 71; *Jones* v.
*Spering,* 334 Mass. 458, 461–462; *Commonwealth* v. *Ries,*
*ante,* 565, 585–586; Wigmore, Evidence (3d ed.) §§ 285,
286; McCormick, Evidence, § 249.  Compare *Murphy* v.
*Moore,* 307 Mass. 163, 164–165; *Commonwealth* v. *O'Rourke,*
311 Mass. 213, 222–223; *Williamson* v. *Feinstein,* 311 Mass.
322, 325–326; *Mitchell* v. *Silverstein,* 323 Mass. 239, 240.
Compare also *O'Connor* v. *Benson Coal Co.* 301 Mass. 145,
150–151.  The exception to this statement in the charge
must be sustained.

5.  Following the judge's charge on the issue of con-
tributory negligence and the imputing of any negligence of
Horowitz to Mrs. Horowitz, the owner of the automobile,
the defendant claimed an exception and requested amplifica-
tion and clarification of a part of the charge[1] in various

---

[1] The portion of the charge to which the defendant excepted reads in part
as follows:  "And because you have this situation where the owner is also a
passenger and the car is driven by a husband, and where you also have some
evidence indicating that the plaintiff in this case, the owner of the car, did
not surrender — or she did not retain the right and power to control the auto-
mobile; because there is some evidence on that . . . I . . . instruct you
that the law with reference to that situation is that it is for you . . . on all
the evidence, to find whether the plaintiff had retained the right to control
the automobile.  If she retained the right to control the automobile, then,
any negligence on the part of the driver is imputed to her.  If you find that

respects, inviting the judge's attention to *Mendolia* v. *White*, 313 Mass. 318, and *Menzigian* v. *LaRiviere*, 334 Mass. 610. His exceptions were sufficient to "put before us the full context of the sentences referred to in the specific exceptions." See *Cahalane* v. *Poust*, 333 Mass. 689, 690.

There had been very detailed testimony about the circumstances of the accident and Horowitz's efforts to avoid a collision at that time. There were in evidence photographs, showing the two automobiles immediately after the accident and the extensive damage to the front portions of each of them, and also a diagram taken from the police report showing the routes taken by the two automobiles immediately before the accident. From the plaintiffs' testimony as to the speed of their automobile, or, if the jury did not believe that testimony, from the badly mangled front part of that vehicle, the jury could have found that the plaintiffs were travelling at a higher speed than was reasonable. *Morton* v. *Dobson*, 307 Mass. 394, 398. See *Mitchell* v. *Silverstein*, 320 Mass. 524, 526–527.

The judge submitted the case to the jury not only upon the issue of the defendant's negligence but also upon the issues of contributory negligence and whether any such contributory negligence could be imputed to Mrs. Horowitz. It does not appear to be argued by the plaintiffs that these last two issues were improperly submitted to the jury, possibly because, in a case in which the pertinent facts with respect to an automobile accident are fully presented in evidence, the issue whether the several operators involved were negligent is for the jury if there is any evidence on which can be based a finding of negligence attributable to them, respectively, and contributing to the accident. *Morton* v. *Dobson*, 307 Mass. 394, 397, 398. *Brightman* v. *Blanchette*, 307 Mass. 584, 586. *Gaines* v. *Ratnowski*, 311 Mass. 254, 258. See *Jennings* v. *Bragdon*, 289 Mass. 595, 597; *Lech* v. *Escobar*, 318 Mass. 711, 712. The charge on the principles

she did not retain the right to control, and she surrendered that right to control, and the power to control the automobile, then, negligence on the part of the driver is not imputed to her, merely because she is the owner and passenger."

and considerations governing the issue whether the contributory negligence of Horowitz, if any, should be imputed to his wife, was meager. Compare *Deyette* v. *Boston Elevated Ry.* 297 Mass. 129; *Kingsbury* v. *Terry*, 300 Mass. 516; *Sanjean* v. *Hyman*, 302 Mass. 224; and *Menzigian* v. *LaRiviere*, 334 Mass. 610, with *Foley* v. *Hurley*, 288 Mass. 354, 356; *Guy* v. *Union St. Ry.* 289 Mass. 225, 230; *Mendolia* v. *White*, 313 Mass. 318; and *Abbate* v. *Service Bus Lines, Inc.* 323 Mass. 754. Compare also *Commonwealth* v. *Sherman*, 191 Mass. 439, 441. This portion of the charge was followed by confusing instructions[1] on a related aspect of contributory negligence. The confusion resulting from the aggregate of the instructions quoted in the margin was not eliminated by additional instructions to which the defendant also excepted. The jury should have been instructed more "clearly, adequately, and correctly concerning principles that ought to guide and control their action." See *Mahoney* v. *Gooch*, 246 Mass. 567, 571; *Higgins* v. *Pratt*, 316 Mass. 700, 711–712; *Donnelly* v. *Larkin*, 327 Mass. 287, 289; *Sullivan* v. *Sullivan*, 333 Mass. 512, 514.

6. We need not discuss the defendant's other exceptions. Similar questions are unlikely to arise at a new trial.

7. This is the decision of a majority of the court.

*Exceptions sustained.*

---

[1] "So also on count number 3, Sophie Horowitz, and there you have a situation where a passenger, besides what I have already told you in regard to imputed negligence on the part of the operator to the owner, who is also a passenger, where we have some evidence introduced, either by Mr. or Mrs. Horowitz, attempting to show that she did not retain the right and power to control, besides that, if you find here that the plaintiff, Mrs. Horowitz, was a passenger, and as this accident happened, or before this accident happened, was there anything that she should have done to avoid the accident? If you find there was something that she could have done and didn't do, then, of course, you have a right to consider that, whether or not she was careless, whether or not that carelessness contributed to the accident. If she didn't have any time to do anything, if you so find from your deliberations, why, that is the end of that, but if you find that whatever she did, or she acted like a reasonable, prudent person should act under the circumstances, once those circumstances were self evident, that resulted in an accident to happen or was happening or did happen, if you find that she acted as a reasonable person would, then, of course, she is free from care, and if you find that the defendant was negligent, she was free from care, there is no imputed negligence. If you so find, as previously outlined to you what the law is, then, you come to the question of damages."