THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAHAM E. HARRISON, Appellant.

(County Court, Kings County, December, 1917.)

Automobiles — violation of motor speed ordinance of city of New York — when conviction for violation reversed.

Where the owner of an automobile, at a time when it was being operated by his chauffeur at a rate of speed in excess of that prescribed by the motor speed ordinance of the city of New York, was in the rear seat of the car with his wife

County Court, Kings County, December, 1917.    [Vol. 102.

engaged in conversation and unaware of any violation of law on the part of his chauffeur, the circumstances created a reasonable doubt as to his guilt of a violation of said ordinance and his conviction therefor will be reversed.

Appeal from a judgment of conviction in a Magistrate's Court.

Charles Eno, for appellant.

Harry E. Lewis, district attorney, for respondent.

May, J. This is an appeal from a judgment of the Magistrate's Court convicting the defendant, the owner of an automobile, of violating the motor speed ordinance of the city of New York in that he was present in the car at the time it was being operated by a chauffeur at a rate of speed in excess of that prescribed by such ordinance. The chauffeur was convicted for speeding, and it is admitted that at the time of such violation this defendant was present in the car and was the owner thereof. The magistrate concluded, therefore, that the defendant came within the provisions of section 17 of the general ordinances of the city of New York, and found him guilty accordingly. If the position were a correct one, then in practically every instance the mere presence of an owner in the car at the time of the violation of the law would be tantamount to his guilt. This conclusion seems to be contrary to the terms of this ordinance, and in violation of the spirit of all criminal statutes. It has never been the theory and object of the law to go out of its way to make men criminals, but the underlying feature is the safeguarding of the community. In but very few instances has the law been invoked to hold owners, personally, criminally responsible for the conduct of their chauffeurs, and the law should be invoked only where the owner actively or passively par-

ticipated in the violation of the law. The mere presence of the owner in the car at the time in question is perhaps sufficient to throw upon him the onus of disproving his connection with the offense, just as one who pleads self-defense in justification for an assault has the burden placed upon him of establishing that defense, only to the extent, however, of creating thereby a reasonable doubt as to his guilt. The statute says that " no person shall operate, drive or propel, and no owner thereof riding thereon or therein shall cause or permit to be operated, driven or propelled," etc. The language of the statute clearly indicates the necessity for the owner to " cause " the car to be operated, or " permit " the car to be operated in violation of the law, and if he does neither of these things he cannot be found guilty thereunder. The rule of law that a principal can be chargeable in punitive or exemplary damages for the willful or vicious conduct on the part of his agent can only be invoked where the offense is brought home to the principal, for while the principal may be held liable in compensatory damages merely through the operation of the law of agency, he cannot be chargeable in punitive damages, which are semi-criminal in their nature. The proposition of law is now well established in New York state (*Craven* v. *Bloomingdale,* 171 N. Y. 439), in the United States (*Lake Shore, etc., R. R. Co.* v. *Prentice,* 147 U. S. 101) and in many of the other states in this country, as well as in England, for the law has always upheld the doctrine that no man can be charged with the commission of a crime unless he knowingly participates in it. In this instance the defendant was at the time in question seated in the rear seat of his touring car with his wife, and his testimony that he at the time in question was engaged in conversation with his wife, and was unaware of any violation of law on the part of his

Appellate Term, First Department, January, 1918.   [Vol. 102.

chauffeur, creates a reasonable doubt as to his guilt, since such testimony was not refused, but, on the contrary, in the main conceded.   Had the defendant been on the seat with his chauffeur at the time in question, or were there other circumstances indicating his participation with the chauffeur in a violation of law, either by passive or active conduct, his testimony might not create a reasonable doubt as to his guilt.   But if this defendant, under these circumstances, could be found guilty, then it would follow that every owner in the car at the time of a violation by the chauffeur would be equally guilty with the chauffeur.   Such construction is contrary to the spirit as well as the letter of the law. The law says a principal cannot be called upon to respond in punitive damages unless the willful violation is brought home to him.   How much less can he be called upon to respond to the payment of a criminal penalty unless he participates in the offense?   Judgment of conviction reversed.

> Judgment reversed.