THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ABRAHAM E. HARRISON, Respondent.

Second Department, May 28, 1918.

Municipal corporations — motor vehicles — ordinance of city of New York limiting rate of speed — construction of municipal ordinances — offense is malum prohibitum and intent or knowledge is not an element.

A municipal ordinance is essentially a statute for the city and is construed as such.

In chapter 24, article 2, section 17, of the Code of Ordinances of the city. of New York providing that no person shall " cause or permit " vehicles to be operated in said city recklessly or negligently or at a speed so as to endanger persons or property and declaring that a speed of fifteen miles per hour is prima facie evidence of a prohibited rate of speed, etc., the word " permit " is synonymous with " suffer " or " allow."

The offense prescribed is malum prohibitum and is complete if the owner of the vehicle shall " cause or permit " a prohibited rate of speed, and his knowledge or intention forms no element of the offense.

Hence, it is no defense to a prosecution for a violation of said ordinance that the owner of the vehicle who was talking with his wife did not know whether they were driving fast or not.

APPEAL by the plaintiff, The People of the State of New York, from an order and judgment of the County Court of Kings county in favor of the defendant, entered in the office of the clerk of said county on the 10th day of January, 1918, reversing a judgment of the City Magistrate's Court of the city of New York which convicted the defendant of a violation of the Code of Ordinances of the city of New York relative to the speed of certain vehicles, and which imposed a fine of twenty-five dollars.

The appeal was allowed to this court by Mr. Justice MAN-NING of the Supreme Court. The Code of Ordinances, chapter 24, article 2, section 17, is as follows: " No person shall operate, drive or propel, and no owner thereof riding thereon or therein shall cause or permit to be operated, driven or propelled, on any street or public place, any bicycle, tricycle, velocipede, motor-cycle, motor-tricycle, motor delivery wagon, or motor vehicle however propelled, or any vehicle drawn by horses or other animals, recklessly or negligently, or at a speed or in a manner so as to endanger, or to be likely to endanger, the life or limb or property of any person. A rate of speed exceeding 15 miles per hour shall constitute *prima facie* evidence of a prohibited rate of speed and manner of driving, and of a violation of the provisions of this section; a rate of speed exceeding 20 miles per hour shall constitute a prohibited rate of speed and manner of driving, and a violation of the provisions of this section, and a rate of speed exceeding 25 miles per hour, on a public highway which passes through country or outlying sections that are substantially undeveloped and sparsely settled, shall constitute a prohibited rate of speed and manner of driving, and a violation of the provisions of this section." (See Cosby's Code Ord. [Anno. 1917] p. 517.)

*John E. Ruston, Assistant District Attorney [Harry E. Lewis, District Attorney, and Harry G. Anderson, Assistant District Attorney, with him on the brief], for the appellant.*

*Charles Eno, for the respondent.*

JENKS, P. J.:

The ordinance is essentially a statute for the city (*Village of Carthage* v. *Frederick*, 122 N. Y. 268), and is construed as a statute. (*State ex rel. Mayor, etc., of Baltimore* v. *Kirkley*, 29 Md. 85, 103; *Matter of Yick Wo*, 68 Cal. 294, 303.) " It is a sound principle, that such a construction ought to be put upon a statute as may best answer the intention which the makers had in view, and that is sometimes to be collected from the cause or necessity of making it, at other times from other circumstances." (*Tonnele* v. *Hall*, 4 N. Y. 144; *Matter of O'Neil*, 91 id. 520.) " But even in penal laws, the intention of the Legislature is the best method to construe the law; though truly, that is to be deduced from all the words that it uses." (*Cowley* v. *People of the State of New York*, 83 N. Y. 468.) The purpose of this ordinance is not far to seek — to protect the life, limb and property of him who is in the street from vehicles driven therein. For this purpose, not only is restraint put upon the person who drives the vehicle, but also upon its owner who, in the nature of things, controls the driver. In effect, the ordinance holds the master to the control of his servant.

The word " cause " means to effect, to bring to pass, to produce, and, in contradistinction to the word " permit " in this ordinance, should be interpreted as descriptive of some affirmative act — an act of commission. The word " permit " in this ordinance is synonymous with " suffer " or " allow "— not to prohibit or to prevent — an act of omission as opposite to the commission implied in the word " cause." Such meaning of the word " permit " is well recognized. (*People ex rel. Price* v. *Sheffield Farms-S.-D. Co.*, 180 App. Div. 615; *Cowley* v. *People of the State of New York, supra*, 471; *Commonwealth* v. *Curtis*, 9 Allen, 266, 271; *State* v. *Probasco*, 62 Iowa, 403; *Territory* v. *Stone*, 2 Dak. 163, 164; *Cauley* v. *Pitts., Cincinnati & St. Louis Railway Co.*, 95 Penn. St. 398, 402; *Matter of Eyston*, L. R. 7 Ch. Div. 145.) In the case last cited, JAMES, L. J., for the court says that it is " almost an absurd distinction to suppose that there is any difference between the words ' suffer' and ' permit.' According to the dictionaries, ' suffer ' means ' permit ' and ' permit ' means ' suffer.' It would really be straining the meaning of

the words too much to say that there is any substantial difference between ' suffer ' and ' permit.' " In discussion of " permit," FOLGER, Ch. J., for the court in *Cowley* v. *People of the State of New York* (*supra*), says: " There was an allowance, a sufferance, a toleration, an authorization by the plaintiff," etc.

The offense prescribed is *malum prohibitum*, and the offending is complete if the owner of the vehicle shall but " cause or permit." The prohibition is unqualified by any words like " willfully " or " knowingly " or " intentionally," or the like. As the ordinance reads, " knowledge or intention forms no element of the offense. The act alone, irrespective of its motive, constitutes the crime." (*People* v. *Kibler,* 106 N. Y. 323; *People* v. *Werner,* 174 id. 132.)

The sole defense is the owner's statement that although he was in his vehicle, " I didn't know whether we were going fast or not — I was talking to my wife in the car." If this were a defense, then the owner of the vehicle could always escape the obligation of the law by the plea of his disregard of his obligation, in that he was voluntarily occupied in some social function — or even that he was asleep or wool-gathering. Thus the owner would be careful to shut his eyes, for immunity, lest with them open he might be convicted.

The order and judgment of the County Court of Kings county is reversed, and the judgment of the city magistrate is affirmed.

THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Order and judgment of the County Court of Kings county reversed, and judgment of conviction of the City Magistrate's Court affirmed.