JOHN VEGA v. LEO S. SULLIVAN ET AL.

JACOB MYSLEWITCH v. LEO S. SULLIVAN ET AL.

JOHN TESARNO v. LEO S. SULLIVAN ET AL.

Decided May 17, 1924.

**Children—Welfare Act of 1915 Sustained—Title Sufficient—Trial by Jury Not Absolute Right, and is Guaranteed Only in Cases When It Existed at Common Law.**

On *certiorari,* removing convictions of prosecutors and their affirmance by the Court of Common Pleas.

Before Justice MINTURN, by consent.

For the prosecutors, *Armstrong & Mullen* and *Pesin & Pesin.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

Prosecutors were tried and convicted before the First Criminal Court of Jersey City for violating section 2 of an act entitled "An act concerning the welfare of children," approved April 8th, 1915, by employing or permitting certain children to be employed in the factories of the prosecutors.

The statute under which the convictions were obtained is attacked.

1. Because it denies trial by jury.

Trial by jury under our constitution is not an absolute right of a defendant in all cases. The rule is settled beyond cavil that it is guaranteed only in those cases where it exists at common law. The reasoning underlying this settled rule of law, as well as the cases in this state supporting it, are cited in the cases involving the constitutionality of the Pro-

25

hibition act, and need not be specifically enumerated here. *State* v. *Rodgers,* 91 *N. J. L.* 212; *Katz* v. *Eldridge,* 96 *Id.* 382; 97 *Id.* 124.

Nor can it be conceived, as contended by defendants, that the title of the act fails to express its object. This manifestly canont be so, as the title of the act concerns the "welfare of children," and this generic title is sufficiently comprehensive to apply to one whose conduct in life militates against the welfare of children within the legislative view of public expediency as detailed in the enacting provisions of the law. Enactments providing for the regulation·of banks, cities, counties, &c., are subject to this general criticism of ·generality,· and still have been uniformly upheld. *Richardson.* v. *State Board,* 121 *Atl. Rep.* 457; *McMahon* v. *Riker,* 92 *N. J. L.* 5; *State* v. *Twining,.* 73 *Id.* 683.

There was in this instance "no unnecessary severe corporal punishment" inflicted upon the child employed by the prosecutor which can be said to bring the case within the classification of any recognized common law offense, as in the Richardson case, but simply the statutory offense created by the legislative act to meet a modern social economic situation which the legislature in its contemplation of the public welfare and policy of the day has transmuted into a statutory offense, to be punished in a summary mode by an existing statutory tribunal. That this power of legislative creation is within the repeated recognized legislative prerogative is attested by our cases dealing with the subject, wherein the differentiation betwen those offenses indicable at common law, and those in the category of legislative creations, is distinctively marked and emphasized. *State* v. *Rodgers, supra; Ex parte Newkowsky,* 94 *N. J. L.* 314; *Katz* v. *Eldridge,* 97 *Id.* 123.

Nor is there any merit in the contention that the defendant was subjected to double jeopardy in violation of his·constitutional rights. He was simply tried upon two distinct complaints involving the same offense.

Now, is there merit in the argument that the defendant was not legally apprised of the charge against him, since the

complaint, following the verbiage of the statute, informed him that he was charged with "employing, or permitting the employment," of children under the statutory age.. The use of the work "felonious" cannot add anything to the statutory offense so as to enlarge its distinctive characteristics as a statutory violation. The term is, in reality, a common law judicial adjective, emphasizing the illegality of the offense charged, and cannot be held to create a common law crime out of a conceded statutory offense. Its use, therefore,. in this situation is mere surplusage. *Burneville* v. *Stevens,* 142 *Ala.* 609.

It is argued that no search warrant was issued against the defendant to warrant the complaint.

This provision of the statute is not mandatory in its nature, but is intended to serve as an auxiliary remedy in aid of the prosecution of offenders against the act, and its use manifestly is entirely discretionary with the prosecuting officers in the performance of their duties. The defendant, obviously, is in no position to insist upon its use as a prerequisite to his conviction.

Having sought the benefit of an appeal to the Court of Common Pleas from the conviction before the magistrate, the defendant now insists that the appellate tribunal was without jurisdiction to hear his appeal. He is estopped at this time from complaining in that respect upon the legal theory expressed in the common-place language that a man cannot befoul his own nest. *Nemo videtur frandere eos qui sciunt et consentiunt.*

The record of conviction warranted the judgment. The court heard the witnesses and afforded the defendants a fair trial, and since no constitutional right was invaded the judgment seems to be supported by the testimony. The act was intended to apply, not only to parents, but to those in *loco parentis,* thus presenting a scheme of protection to the child against the evils incident to child life, which the elevated policy and civilizing tendency of the age demands as a bulwark to our intelligent national growth and humane development. Such an act must be liberally construed in the general

public interest. The result is that the conviction in these cases, and in like cases brought before me for summary review upon these grounds, will be affirmed.