40 N.J. Super. 559 (1956)
123 A.2d 822
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEPHEN CARLSTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided June 25, 1956.
*560 Mr. Guy W. Calissi, Prosecutor, attorney for plaintiff-respondent (Mr. Thomas S. O'Brien, on the brief).
Mr. Nicholas A. Carella, attorney for defendant-appellant.
GALANTI, J.C.C. (temporarily assigned).
The above matter is before me on appeal from decision of the Municipal Court of the City of Garfield, by way of a trial de novo, and specifically with reference to the meaning of N.J.S.A. 39:4-50.
N.J.S.A. 39:4-50 provides as follows:
"A person who operates a motor vehicle while under the influence of intoxicating liquor or a narcotic or habit producing drug, or permits another person who is under the influence of intoxicating liquor or a narcotic or habit producing drug who operates a motor vehicle owned by him or in his custody or control * * *." (Italics mine)
*561 One Massey was convicted in the Municipal Court of the City of Garfield of violation of N.J.S.A. 39:4-50, in that he operated a motor vehicle while under the influence of intoxicating liquor, and on appeal the court found Massey guilty. The present defendant, Stephen Carlston, was the owner of the vehicle.
The undisputed facts in the case are that Massey was given permission by the defendant Carlston to operate the defendant's vehicle from the City of Garfield to the Borough of Lodi accompanied by said defendant. Upon their return from Lodi the vehicle was involved in an accident, and thereupon both Massey and defendant were apprehended.
Defendant Carlston testified that he had no knowledge that Massey was under the influence of intoxicating liquor, and further testified that the consumption of beer by Massey and defendant prior to the operation of the vehicle was of such minute quantity that Massey could not have been under the influence of intoxicating liquor at the time of the operation of the vehicle.
The question posed is whether or not under this section of the statute, to constitute an offense, it is necessary that the owner have intent or knowledge of the condition of the operator at the time said permission is granted.
An examination of the law in the State of New Jersey fails to disclose any decision in this respect, and thus we turn to an examination of the law of our sister states, for a possible solution.
61 C.J.S., Motor Vehicles, § 625, page 715, uses the following language:
"Under some statutes it is an offense for any person to permit another who is under the influence of intoxicating liquor to operate a motor vehicle which is owned by the former or is in his custody or control." Citing Commonwealth v. Pollinger, 45 Pa. Dist. & Co., R. 689, 58 Montg. Co., Law Rep'r. 386; Commonwealth v. Hasko, 46 Pa. Dist. & Co., R. 359, 59 Montg. Co., Law Rep'r., 1, 56 York Leg. Rec. 194.
Some states have dealt with this question in the absence of statute, and owners have been held liable as accessories or aiders and abettors. State v. Gibbs, 227 N.C. 677, 44 *562 S.E.2d 201 (Sup. Ct. 1947); Joiner v. State, 279 S.W.2d 333 (Tex. Crim. App. 1955); Storr v. United States, 57 App. D.C. 3, 16 F.2d 342, 53 A.L.R. 246 (D.C. Ct. App. 1926); Ex parte Lietard, 47 Nev. 169, 217 P. 960 (Sup. Ct. 1923).
In the latter case, the court pointed out that the Nevada statute does not make intent an element of the offense charged, and states further that another section of their statute provides that the lacking of a criminal intent shall not be a defense in behalf of an accessory. The court found the defendant owner chargeable with knowledge of the driver's intoxicated condition.
The latter case cites Commonwealth v. Sherman, 191 Mass. 439, 78 N.E. 98 (Sup. Jud. Ct. 1906), which held that the state had made out a prima facie case against an owner who was a passenger in his car, which was being operated over the speed limits, with imputed proof of knowledge on the part of the owner.
In re People v. Harrison, 183 App. Div. 812, 170 N.Y.S. 876, 877 (App. Div. 1918), revision of 102 Misc. 151, 169 N.Y. Sup. 199 (Cty. Ct. 1917), the court dealt with a statute concerning speeding and the responsibility of the owner of the vehicle. A few quotations from this decision are significant:
"`It is a sound principle that such a construction ought to be put upon a statute as may best answer the intention which the makers had in view, and that is sometimes to be collected from the cause or necessity of making it, at other times from other circumstances.' * * *
But even in penal laws, the intention of the legislature is the best method to construe the law; though truly, that is to be deduced from all the words that it uses.' Crowley v. People of New York, 83 N.Y. [464], 468, 38 Am. Rep. 464.
The purpose of this ordinance is not far to seek  to protect the life, limb and property of him who is in the street from vehicles driven therein. For this purpose, not only is restraint put upon the person who drives the vehicle, but also upon its owner, who, in the nature of things, controls the driver. In effect, the ordinance holds the master to the control of his servant.
The word `cause' means to effect, to bring to pass, to produce, and in contradistinction to the word `permit,' in this ordinance, *563 should be interpreted as descriptive of some affirmative act  an act of commission. The word `permit' in this ordinance is synonymous with `suffer' or `allow'  not to prohibit or prevent  an act of omission as opposite to the commission implied in the word `cause.' Such meaning of the word `permit' is well recognized." (Cases cited.)
In Halsted v. State, 41 N.J.L. 552, 32 Am. Rep. 247 (E. & A. 1879), the court stated:
"As there is an undoubted competency in the lawmaker to declare an act criminal irrespective of the knowledge or motive of the doer of such act, there can be of necessity no judicial authority having the power to require in the enforcement of the law such knowledge or motive to be shown. In such instances the entire function of the Court is to find out the intention of the Legislature and to enforce the law in absolute conformity to such intention. And in looking over the decided cases on the subject it will be found that in the considered adjudications this inquiry has been the judicial guide."
The statute simply requires that the driver be, in fact, under the influence of intoxicating liquor, or a narcotic, or habit-producing drug, and that permission to drive be granted by the owner at the time the operator of the motor vehicle was under the influence of said intoxicating liquor.
The intent of the Legislature can be assumed by reason of the fact that in many sections of the Revised Statutes the Legislature has declared its intention by inserting in them the word "knowingly." The statute under consideration is malum prohibitum and not malum in se. Were it not for the statute there would be no offense.
Traditionally, in our criminal law, an offense which is malum prohibitum does not require knowledge or intent, unless the Legislature clearly so provides.
The wording of the statute is clear that the violation applies to one who "permits another person who is already under the influence," etc., and not to one who subsequent to the granting of permission becomes under the influence, etc.
I therefore find defendant guilty of permitting Massey to operate a motor vehicle while said Massey was under the influence of intoxicating liquor, and I impose a fine $200, $10 costs, and order the revocation of his driver's license for a period of two years.