103 N.J. Super. 190 (1968)
246 A.2d 764
STATE OF NEW JERSEY, PLAINTIFF,
v.
WALTER D. KINSLEY, DEFENDANT.
Superior Court of New Jersey, Gloucester County Court  Law Division.
Decided August 14, 1968.
*191 Mr. Remo M. Croce, Deputy Attorney General of New Jersey for plaintiff.
Mr. Martin A. Herman for defendant.
KRAMER, W.B., J.C.C.
At the time for the hearing of the appeal, and after oral openings, it was agreed that this appeal would be submitted for decision by the court upon the conclusions and findings set forth in the opinion of Judge Nathan G. Ginsberg of the Municipal Court of Deptford Township, Gloucester County, New Jersey.
The case involves a violation of N.J.S. 23:5-28 which prohibits the pollution of water by allowing deleterious or poisonous substances to enter streams in quantities destructive of life or disturbing the habits of the fish or birds inhabiting the same.
The municipal court judge made the following findings with respect to the cause of the pollution of the stream in question:
*192 "I conclude from the investigation of Officer Young that the probable source of the pollution was defendant's landfill. The landfill contained large quantities of organic matter and the pollution was the most intense in the area closest to the landfill.
Furthermore, the court notes that the piggeries and sewer plant have been in this area for many years, yet no complaint had been made of pollution in the waters for a substantial number of years and the pollution came about only when defendant started his relatively recent landfill operation. The inference is inescapable that defendant was a substantial factor in bringing about the pollution charged in the complaint. I so find.
The state has satisfied the burden imposed upon it as to the source and cause of the pollution.
In the instant case the landfill was a continuing operation and from that continuing operation and by the manner in which it was conducted the pollution of the adjoining waters resulted. It cannot be denied that the defendant approved of or acquiesced in the manner in which the landfill was conducted."
Surely the above findings and conclusions of the Municipal Court Judge indicate that in his opinion the pollution of the stream was caused by the operation of defendant's landfill. However, the court below then entered into a discussion of the holdings in the case of State v. American Alkyd Industries, Inc., 32 N.J. Super 150 (Bergen County Court 1954) and concluded that there could not be a conviction because there was no proof of guilty knowledge. The judge did state, however, that American Alkyd could readily be distinguished from the case sub judice because the facts in the American Alkyd case proved the pollution resulted from an accident by an employee in overflowing an oil tank and not from a continuing course of business or conduct. Nevertheless, the court found defendant not guilty.
We are dealing with the violation of a statute that is not criminal or quasi-criminal. It is civil in nature and the collection of the penalty is enforced by a civil action in which the burden of proof is by the preponderance of the evidence. Department of Conservation & Economic Development, Division of Fish and Game v. Scipio, 88 N.J. Super. 315 (App. Div. 1965), Sawran v. Lennon, 19 N.J. 606 (1955).
*193 Guilty knowledge or mens rea is a definite requirement of any common law crime. However, there are now many statutory offenses where no mens rea is required. The Legislature may dispense with the necessity for any criminal state of mind and punish particular acts without regard to the mental attitude of the defendant. Such legislative acts are usually prohibitive of certain conduct imposed by public policy and within the police power of the state.
In Department of Conservation & Economic Development, Division of Fish & Game v. Scipio, supra, which involved a violation of the fish and game laws, it was held that proof of mere possession of a prohibitive missile while hunting was sufficient to sustain a conviction.
A wide variety of social and economic problems has impelled the adoption of numerous "strict liability" penal statutes by both Congress and State Legislatures. Violations thereof result in penal sanctions regardless of moral culpability. State v. Chiarello, 69 N.J. Super. 479 (App. Div. 1961), cert. denied 36 N.J. 301 (1962), State, Borough of East Paterson, Board of Health v. Elmwood Terrace, Inc., 85 N.J. Super. 240, 247 (App. Div. 1964). State v. Elmwood involved a municipal ordinance which required the maintenance of heat at a certain temperature in rented apartments.
It is axiomatic that Legislature can designate mere doing of act as crime, even in absence of mens rea which was a necessary prerequisite at common law. Morss v. Forbes, 24 N.J. 341 (1957), State v. Segal, 78 N.J. Super. 273 (App. Div. 1963). State v. Segal involved a violation of the adoption statutes. In State v. Labato, 7 N.J. 137, 150 (1951) in a case involving possession of lottery slips the Supreme Court said "the criminal mind is not essential where the Legislature has so willed".
In Department of Labor and Industry v. Rosen, 44 N.J. Super. 42 (App. Div. 1957), it was held that where the Legislature makes the commission or omission of an act penal regardless of intent, only the doing of prescribed act *194 need be shown. This case involved a violation of the act requiring payment of wages in full every two weeks.
In State v. Carlston, 40 N.J. Super. 559 (Bergen County Court, 1956), it was stated "an offense which is malum prohibitum does not require knowledge or intent unless the Legislature clearly so provides".
In State v. Wenof, 102 N.J. Super. 370 (Camden County Court, 1968) Judge Heine held that a violation of N.J.S. 39:3-40 (driving when license revoked) could be sustained without proof of guilty knowledge. He stated "it is not the province of this court to read into a statute that which the Legislature did not intend. * * * Since the crime is statutory the Legislature is free to require or omit guilty knowledge as an element thereof". See State v. De Meo, 20 N.J. 1 (1955).
The statute involved in the matter sub judice is and I find it to be malum prohibitum. Proof of guilty knowledge or mens rea is not a prerequisite to a finding of guilt. The decision of the judge of the Municipal Court of Deptford Township is reversed and I, find the defendant guilty.
I impose the minimum fine permitted by the act  $500. No costs.