126 N.J. Super. 424 (1974)
315 A.2d 43
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DORIS BURDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1973.
Decided January 31, 1974.
*425 Before Judges LYNCH, MEHLER and MICHELS.
Ms. Rita L. Bender, Urban Legal Clinic-Rutgers, argued the cause for appellant (Mr. Stanley C. VanNess, Public Defender, attorney; Mr. Richard H. Chused, Urban Legal Clinic-Rutgers, on the brief).
Mr. Robert W. Gluck, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Defendant appeals her conviction of the crime of willfully failing to provide proper and sufficient food, clothing, maintenance and medical attention for her three infant children, aged three years, two years, and five months, contrary to the provisions of N.J.S.A. 9:6-1 and 9:6-3. Defendant was sentenced to the Correctional Institution for Women for an indeterminate term, which sentence was suspended. She was placed on probation for three years with the condition that she was not to remove her three children from the foster home in which they had been placed through the Bureau of Children's Services.
Defendant contends that the State failed to sustain its burden of proving a violation of N.J.S.A. 9:6-1, arguing that the word "willfully" contained in the statute requires proof of an evil intent and knowledge on the part of defendant that harm would result from her action. We disagree.
*426 N.J.S.A. 9:6-3 provides in pertinent part:
Any parent, guardian or person having the care, custody or control of any child, who shall abuse, abandon, be cruel to or neglectful of such child, or any person who shall abuse, be cruel to or neglectful of any child shall be deemed to be guilty of a misdemeanor. * * *
The neglect which is made an offense by the above statute is defined in N.J.S.A. 9:6-1 as follows:
Neglect of a child shall consist in any of the following acts, by anyone having the custody or control of the child: (a) willfully failing to provide proper and sufficient food, clothing, maintenance, regular school education as required by law, medical attendance or surgical treatment, and a clean and proper home, or (b) failure to do or permit to be done any act necessary for the child's physical or moral well-being.
Our courts have not yet had occasion to consider the legislative intent with respect to the element of "willfulness" required in the statutory offense of child neglect.
The Legislature has the power to designate the mere doing of an act as a crime, even in the absence of the mens rea which was a prerequisite at common law. State v. Moore, 105 N.J. Super. 567 (App. Div. 1969); State v. Hammond, 116 N.J. Super. 244 (Cty. Ct. 1971); State v. Kinsley, 103 N.J. Super. 190 (Cty. Ct. 1968), aff'd 105 N.J. Super. 347 (App. Div. 1969). Whether a statute provides criminal sanctions for proscribed conduct without the necessity of proving criminal intent is a matter of legislative intent. State v. Russell, 119 N.J. Super. 344, 347 (App. Div. 1972); Morss v. Forbes, 24 N.J. 341, 358 (1951).
The statute, N.J.S.A. 9:6-1, was enacted to protect children against certain evils incident to their early life. See Vega v. Sullivan, 2 N.J. Misc. 385, 387 (Sup. Ct. 1924). One of those evils was neglect, which is delineated by the Legislature to consist, among other acts and omissions, of willfully failing to provide proper and sufficient food, clothing, maintenance, required school education, medical and surgical attention and a clean and proper home. In *427 view of the remedial nature of this statute, evil intent or bad motive is not required to prove child neglect thereunder. The word "willfully" in the context of this statute means intentionally or purposely as distinguished from inadvertently or accidentally. Hence, N.J.S.A. 9:6-1 does not require proof that defendant acted with an evil intent and knew that harm would result from her conduct to satisfy the burden of proof cast upon the State in this case.
[The court here held that the prosecutor's remarks during summation were not prejudicial, and there was no error in denying defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence.]
Affirmed.