133 N.J. Super. 453 (1975)
337 A.2d 385
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSE RIVERA, A/K/A PEPE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 7, 1975.
Decided April 16, 1975.
*454 Before Judges COLLESTER, LORA and HANDLER.
Mr. Herbert Klitzner argued the cause for appellant (Messrs. Lewis and De Clemente, attorneys; Mr. Thomas A. De Clemente, of counsel).
Mr. Richard J. Engelhardt, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant Jose Rivera was charged with (1) atrocious assault and battery, contrary to the provisions of N.J.S.A. 2A:90-1, and (2) cruelty to a child, in violation of N.J.S.A. 9:6-3. He was tried to a jury and found guilty on count two of the indictment and acquitted on the first count of the indictment. A motion for judgment n.o.v. or, in the alternative, for a new trial, was denied and he was given a suspended one to two-year sentence to State Prison, placed on probation for five years and required to submit to a six-week period of examination, evaluation and counseling by the Hudson County Family Division of the Associated Catholic Charities.
*455 The State's proofs showed that defendant, who was living with the victim's mother and who had acted as a father to all her five children for almost ten years, struck the nine-year-old boy twice with a plastic bat whch bruised and raised two large welts on the boy's back. The boy had refused to clean up his room despite several requests by his mother and defendant that he do so. When defendant tried to grab the boy, he ran away. Defendant ran after him, grabbed the plastic bat lying on a chair and, as he caught the boy at the outside kitchen door, hit him twice with the bat.
Defendant contends it was plain error for the trial judge not to charge the jury that criminal intent to inflict injury is an element of cruelty to a child under the provisions of N.J.S.A. 9:6-3. The statute provides that "Any parent, guardian or person having the care, custody or control of any child, who shall abuse, abandon, be cruel to or neglectful of such child, or any person who shall abuse, be cruel to or neglectful of any child shall be deemed to be guilty of a misdemeanor * * *."
Cruelty to a child is defined in N.J.S.A. 9:6-1 in the following manner:
Cruelty to a child shall consist in any of the following acts: (a) inflicting unnecessarily severe corporal punishment upon a child; (b) inflicting upon a child unnecessary suffering or pain, either mental or physical; (c) habitually tormenting, vexing or afflicting a child; (d) any willful act of omission or commission whereby unnecessary pain and suffering, whether mental or physical, is caused or permitted to be inflicted on a child; (e) or exposing a child to unnecessary hardship, fatigue or mental or physical strains that may tend to injure the health or physical or moral well-being of such child.
In State v. Burden, 126 N.J. Super. 424 (App. Div. 1974), certif. den. 65 N.J. 282 (1974), this court ruled that N.J.S.A. 9:6-3, applicable to a charge of neglect, did not require an intent to harm or evil intent or bad motive. We construed the term "willful", as used in the definition of child neglect set forth in N.J.S.A. 9:6-1, as requiring *456 an act which is intentionally or purposely committed as distinguished from actions which are inadvertent or accidental. In view of the remedial purpose of the statute  the protection of young children against evils incident to their early life  this reasoning is applicable to a construction of the statute involving an allegation of cruelty as in this case. Accordingly there was no error, no less plain error, in the failure of the trial judge to instruct the jury that intent in the sense of evil motive was a requisite.
There is no merit in defendant's contention that his motion for a judgment n.o.v. or for a new trial should have been granted because the trial judge erroneously failed to recognize the defense of lack of intent raised by defendant, and the verdict of guilty of cruelty to the child was based on evidence insufficient to warrant a conviction (R. 3:18-1 and 2) and was a manifest denial of justice under the law (R. 3:20-1). While defendant testified he did not "mean to hurt Gregory," the evidence was clearly sufficient to warrant the conviction since defendant himself admitted that he struck Gregory with the bat because the boy was disobedient, and hence the act was neither accidental nor inadvertent.
Finally, defendant contends it was error for the trial judge not to dismiss the atrocious assault and battery count at the conclusion of the State's case and in not granting defendant's motion for a new trial or judgment n.o.v. on that basis. Our review of the record satisfies us there was sufficient evidence for the court to submit that charge to the jury and that such submission did not prejudice the defendant. Moreover defendant's acquittal on that count does not bespeak an improper compromise by the jury.
Affirmed.